Burke, J.
The sole inquiry herein is whether the arresting officer had probable cause to arrest appellant Noray Martin (appellant).
On January 23, 1971, at approximately 5:45 p.m., two plainclothesmen cruising in an unmarked car observed appellant and one Edwards engaged in conversation with a third male in front of a bar in the vicinity of 21st Street and 40th Avenue, Queens County. The officers had never seen appellant or Edwards prior to this time and at the suppression hearing, the third person was merely identified as a “ male ”. The police observed appellant and Edwards enter the bar and emerge a few minutes later with a female, Best, and the three of them rejoined the “ male Then, appellant, Edwards and Best walked down the block and turned the corner. The arresting officer testified that they glanced backwards toward his direction. The officer observed Best hand envelopes to Edwards and Edwards give Best money. When the police arrived, Edwards dropped the envelopes and the officers retrieved them. The officer arrested all three persons and a search of appellant revealed one glassine envelope in his wallet.
The officer conceded that he only saw appellant converse with Edwards and the female and the reason that he arrested appellant was because appellant was in their company. Appellant’s motion to suppress the evidence as being the product of an unlawful arrest was denied and appellant subsequently pleaded guilty to attempted criminal possession of a dangerous drug in the sixth degree.
If the arrest was lawful, the search and seizure may be upheld as incident thereto (Draper v. United States, 358 U. S. 307, 310-311; Giordenello v. United States, 357 U. S. 480, 483; People v. Loria, 10 N Y 2d 368, 373). Of course, it is axiomatic that the success of a search does not vitiate any unlawfulness in the underlying arrest (Henry v. United States, 361 U. S. 98, 104; United States v. Di Re, 332 U. S. 581, 595; Byars v. United States, 273 U. S. 28, 29). The question before us then reduces itself as to whether the arresting officer had probable cause to arrest appellant. Based on the totality of circumstances as developed *125 in the record, we conclude that there was no probable cause for the arrest.
It must be noted that the arresting officer did not see appellant engage in any overt criminal activity but rather arrested him for merely being in the company of Edwards and Best. Under the circumstances of this case, mere presence at a narcotics transaction did not constitute probable cause. In this regard, the decision of the United States Supreme Court in United States v. Di Re (332 U. S. 581, supra) is instructive. There, Di Be was a passenger in the front seat of an auto, seller of counterfeit coupons was the driver and the informant purchaser—who tipped the police as to the transaction—was in the back seat. When the officers arrived at the car, the informant had the tickets in his hand and told the officers that he bought them from the driver. All three passengers were arrested and searched and coupons were found to be in Di Be’s possession. The decision turned on whether there was probable cause to arrest Di Be. In concluding that there was no probable cause to arrest defendant Di Be, the court noted the following factors: Di Be’s presence in the car, the fact that the meeting was on a public street in a large city in broad daylight and was not a suspicious hideout and the fact that the alleged substantive crime did not necessarily involve any act visibly criminal (United States v. Di Re, 332 U. S. 581, 593, supra).
In Di Re, the arresting officer surmised by Di Re’s presence in the car that a conspiracy was afoot. The Supreme Court expressly rejected that theory (United States v. Di Re, 332 U. S. 581, 593, supra). In the case at bar, unlike the situation in Di Be, the arresting officer saw firsthand that appellant engaged in no overt criminal activity but was in the company of Best and Edwards at the time of transaction. Without more, probable cause to arrest appellant was lacking (cf. People v. Feltch, 174 Col. 383, 387; Lyons v. United States, 221 A. 2d 711, 712 [D. C. App.]; People v. Simon, 45 Cal. 2d 645, 649).
In concluding that the arresting officer lacked probable cause to arrest appellant, we add this caveat — that under certain circumstances, not found herein, presence at the scene might furnish a trained policeman with probable cause to effect an arrest.
*126 The order of the Appellate Division is reversed and the complaint is dismissed.
Chief Judge Field and Judges Breitel, Jasen, Gabrielíli, Jones and Wachtler concur.
Order reversed, etc.