■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY MEDINA, Appellant.

On the night of September 27, 1982, two police officers were patrolling the area of Vasquez Memorial Park in Suffolk County. The park had been officially closed since 1979, and unauthorized persons were considered trespassers subject to arrest. It was the object of numerous complaints, and was known to have a high incidence of illegal drug activity. There was a chain-link fence around the park, although it was in a state of

disrepair, and several signs were posted stating that the park was officially closed.

At approximately 10:00 P.M., the officers, using binoculars, observed the activities of two men inside the park, one of whom was the defendant. One man would flag down approaching cars, lean into the stopped vehicle to exchange a small envelope for money, and then walk over to deposit the money with defendant.

After watching this scenario for about 20 to 30 minutes, one officer returned to the car and drove to the front of the park, while the other jumped over the fence and started to walk towards the two men from the back. Upon seeing the officer exiting his vehicle and approaching, the men fled in different directions. Defendant was warned to "Come back. You're under arrest", but continued to run, and was apprehended by the officer coming from behind. After handcuffing defendant, the police observed a gun tucked into his waistband, which they confiscated. An examination at the station house showed the gun to be loaded, and later ballistics testing proved it operable with the ammunition and clip submitted by the arresting officers.

Defendant argues that the police lacked probable cause to make the arrest. However, upon review of the record, we agree with the County Court that the police action was lawful. It was reasonable to believe that defendant was knowingly trespassing in the park (*see,* Penal Law § 140.05), and the officers made studied observations of behavior on the part of defendant which was indicative of other criminal activity. In light of these factors, and defendant's flight (*see, People v Howard,* 50 NY2d 583, 592, *cert denied* 449 US 1023), the officers had reasonable cause to believe that defendant had in fact committed a crime (CPL 140.10; *People v De Bour,* 40 NY2d 210, 223).

Moreover, we find that defendant's guilt was proven beyond a reasonable doubt (*see, People v Contes,* 60 NY2d 620, 621).

We have examined defendant's remaining contention and find it to be without merit. Lazer, J. P., Gibbons, O'Connor and Weinstein, JJ., concur.