■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JAMES JACKSON, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Clabby, J.), dated January 22, 1985, which, after a hearing, granted a motion by the defendant to suppress physical evidence and his statements to the police.

Order affirmed.

We agree with Criminal Term that the police lacked probable cause to arrest the defendant. Although the arresting officers had considerable experience in narcotics investigations and knew the premises in question, a game room or arcade, to be a location where illegal drug transactions had frequently occurred in the past, they observed no behavior on the part of the defendant which would reasonably lead them to believe that he had committed or was committing a crime (see, People v Carrasquillo, 54 NY2d 248, 254; People v McRay, 51 NY2d 594, 602). Although the passing of a glassine envelope in the "hallmark of an illicit drug exchange" (People v McRay, supra, at p 604), no such exchange was observed by the police in this case. To the contrary, the defendant was observed in the arcade, which was open to the public, in the company of three other persons. As the officers approached, one of the persons

other than the defendant dropped what appeared to be a glassine envelope or package, and money, to the floor, but there was no observation of an exchange of those items with any of the others in the group, nor were any of the others observed to be in possession of contraband or money. Another member of the group ran past the officers and out the front door of the establishment, and the defendant quickly moved a distance of about 20 to 25 feet toward the rear of the premises (remaining within that portion of the arcade to which the public had access), at which point he was placed under arrest. Although an additional glassine envelope was recovered by the police on the floor in the area where the defendant had been standing, there were other persons in the vicinity as well, and the police were unable to testify that it had been in the defendant's possession.

Thus, viewed in its entirety, the information known to the police failed to establish the existence of probable cause for the defendant's arrest. Rather, the evidence established no more than the defendant's presence at a public location where other persons independently possessed and, perhaps, sold drugs *(see, People v Martin,* 32 NY2d 123; *cf. People v Ortiz,* 103 AD2d 303, *affd* 64 NY2d 997), coupled with an ambiguous and equivocal movement which does not support a finding of probable cause *(People v Howard,* 50 NY2d 583, *cert denied* 449 US 1023; *cf. People v Medina,* 110 AD2d 786; *People v Ortiz, supra).* Thompson, J. P., Bracken, Weinstein and Kunzeman, JJ., concur.