■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE WANTON, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALDO GARCIA, Appellant.—Judgments of the Supreme Court, New York County (Jay Gold, J., at suppression hearing, jury trial, and sentence), rendered July 1 and August 3, 1987, convicting defendants of criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the first degree, and criminal possession of a controlled substance in the third degree, and sentencing them to concurrent terms of imprisonment of 15 years to life on the first two counts and 1 to 3 years on the remaining count, unanimously affirmed.

The trial court properly denied the motion seeking suppression of physical evidence. Defendants' arrest was supported by probable cause. The informant's knowledge was based on personal observation. *(Cf., People v Elwell,* 50 NY2d 231, 234-235.) The arresting officers may not have observed defendants take any action that, standing alone, was indicative of criminal activity, but the detectives' testimony at the hearing contains no suggestion that the informant had said the defendants were merely present in the apartment where the cocaine was packaged. *(People v Martin,* 32 NY2d 123.)

Wanton's memorandum containing the notes of a drug transaction was properly introduced into evidence. Together with his phone book, the memorandum served to connect Wanton to Jean-Jacques, the codefendant with whom the police had been negotiating. It also served to negate Wanton's twin claims that he did not share Jean-Jacques' intent and that his presence on the scene when the drugs were supposed to have been transferred was coincidental. *(People v Jackson,* 39 NY2d 64.)

Defendants have not established that they are entitled to a new trial because of the prosecutor's summation. While the prosecutor should not have referred to Grand Jury testimony which had not been introduced into evidence at trial, any prejudice was obviated by the trial court's prompt curative instruction. *(People v Galloway,* 54 NY2d 396, 398-399.)

Defendants also fail to show that this is one of the rare cases in which application of the statutory sentencing scheme

constitutes cruel and unusual punishment. *(Cf., People v Broadie,* 37 NY2d 100, *cert denied* 423 US 950.) Concur—Kupferman, J. P., Milonas, Rosenberger, Asch and Kassal, JJ.