■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL E. LINDSAY, Appellant. [595 NYS2d 161] —Judgment unanimously reversed on the law, motion granted and new

trial granted. Memorandum: The record of the suppression hearing does not support the suppression court's factual finding that the police observed defendant hand a brown bag and white bundle to his brother. The hearing transcript reveals only that the officer observed defendant and his brother walking across the street. Absent evidence that the officer observed defendant exchange items appearing to contain drugs or that defendant was in possession of drugs, the proof failed to establish probable cause for defendant's arrest *(see, People v Martin,* 32 NY2d 123; *People v Jackson,* 119 AD2d 694). Thus, we grant defendant's motion to suppress the physical evidence (cash) seized from defendant following his arrest. (Appeal from Judgment of Monroe County Court, Marks, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Callahan, J. P., Green, Balio, Lawton and Doerr, JJ.