◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL ELLIOTTE,* Appellant. [726 NYS2d 471] —Mugglin, J. Appeals (1) from a judgment of the Supreme Court (Lamont, J.), rendered September 3, 1999 in Albany County, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the third degree, and (2) by permission, from an order of said court, entered December 8, 1999 in Albany County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant's conviction for criminal possession of a controlled substance in the third degree arises from a buy and bust operation conducted by the Albany County Sheriff's Department. With the assistance of a confidential informant, Investigator Douglas Vogel arranged for the purchase of approximately one ounce of crack cocaine for the sum of $1,400 from an individual identified as E. The confidential informant telephoned E. from the Sheriff's Department and the call was recorded. By listening to the tape, Vogel heard E. say that he would be alone when he came to the confidential informant's apartment to make the sale.

Vogel, with the confidential informant in his vehicle, and other officers staked out the area to await E.'s arrival. Shortly thereafter, E. and three other individuals arrived in a blue Honda Civic. Two individuals left the vehicle and proceeded in the direction of the informant's apartment. The informant identified E. but not defendant. As the two men walked toward the apartment, they left Vogel's field of vision. He radioed the other members of the team who moved in to make the arrests pursuant to Vogel's instructions. While Investigator Eugene Duda confronted them, E. ran and was apprehended by others. Defendant dropped a brown, fast-food bag that he was carrying and immediately raised his hands and cooperated with police instructions, submitting to the arrest. Duda's frisk search of defendant produced nothing. He then picked up the discarded bag which was located some distance from defendant, and

* Defendant's name is misspelled in the indictment as is clear from his signature.

asked defendant if it was his. Defendant replied that it was not. Duda's search of the bag revealed some cold french fries and a beer can within which was secreted a plastic bag containing a substance ultimately established to be crack cocaine.

Defendant's attempts to obtain suppression of the crack cocaine and dismissal of the indictment for lack of probable cause to arrest were unsuccessful and he was convicted by a jury of criminal possession of a controlled substance in the third degree from which he now appeals. Additionally, defendant appeals from the denial of his motion made pursuant to CPL 440.10 in which he sought to vacate the judgment of conviction, claiming, *inter alia*, that he was deprived of due process and an evidentiary hearing concerning his claim regarding the ineffective assistance of counsel.

Defendant asserts that the police lacked probable cause to arrest him since they had no information connecting him to the transaction prior to seeing him accompanying E. and, therefore, his motion to suppress the crack cocaine should have been granted. Probable cause for a warrantless arrest exists when there are facts and circumstances that "support a reasonable belief that an offense has been or is being committed" (*People v Bigelow*, 66 NY2d 417, 423). The establishment of probable cause to arrest at the moment of the seizure does not require proof of criminality beyond a reasonable doubt, but only sufficient information from which a reasonably prudent person possessing the same level of expertise as the arresting officer could conclude that a crime is being or was committed (*see, People v McRay*, 51 NY2d 594, 602). Under the facts and circumstances here, we agree with defendant that the police lacked probable cause to effect his arrest.

A defendant's presence at a narcotics transaction, in the absence of overt criminal activity or furtive behavior on his or her part, does not provide probable cause to arrest (*see, People v Martin*, 32 NY2d 123, 125; *People v Ortiz*, 103 AD2d 303, 306, *affd* 64 NY2d 997), although "under certain circumstances * * * presence at the scene might furnish a trained policeman with probable cause to effect an arrest" (*People v Martin, supra,* at 125). Here, for indicia of criminality on the part of defendant, the People rely solely on his being with E. and Vogel's training, which suggested to him that a drug transaction of this magnitude would involve more than one person. Under the circumstances of this case, however, we reject the People's position that these factors furnish probable cause.

Here, Vogel heard E. say that he alone would be attending the sale and the confidential informant never told Vogel others

would be present. Nevertheless, prior to staking out the drug buy, Vogel decided that anyone attending the sale with E. would be arrested. Vogel's prearrest information pertained only to E. and not to defendant and the confidential informant could not identify defendant at the scene. Duda, the arresting officer, also did not know defendant, had no knowledge that he violated any law, had no knowledge that he possessed drugs and testified that the paper bag which defendant dropped meant nothing to him when he saw it. There was no exchange of money or drugs, no glassine envelopes or plastic bags were visible, no furtive behavior was noted and no evidence was presented to show that defendant had knowledge of the drug purchase. Furthermore, equally innocent explanations exist, and conduct which may simultaneously be indicative of innocence or guilt is insufficient to premise probable cause to arrest (*see, People v Carrasquillo*, 54 NY2d 248, 254). In reaching this conclusion, we are mindful that E. had provided the confidential informant with a telephone number which was listed to defendant, but since defendant was not identified prior to his arrest, this information cannot provide the additional indicia of criminality necessary to constitute probable cause to arrest.

Since probable cause to arrest defendant is absent, there was no legal basis upon which to conduct a search of the fast-food bag which he dropped and, thus, his motion to suppress the crack cocaine should have been granted. Of course, the recovery of the contraband does not excuse the lack of probable cause to arrest defendant (*see, People v Martin, supra*, at 124) or provide a basis upon which to sustain an otherwise illegal arrest. In view of the foregoing, we need not consider the remaining points raised by defendant.

Mercure, J. P., Crew III, Spain and Carpinello, JJ., concur. Ordered that the judgment and order are reversed, on the law, motion to suppress granted and indictment dismissed.