■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD MONTGOMERY, Appellant. [742 NYS2d 126] —Lahtinen, J. Appeals (1) from a judgment of the Supreme Court (Lamont, J.), rendered January 28, 2000 in Albany County, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the third degree, and (2) by permission, from an order of said court, entered January 19, 2001 in Albany County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

During the early morning hours of March 5, 1999, several police officers were dispatched to the apartment of defendant's sister at 123 North Lake Avenue in the City of Albany to search for a suspect in a recent assault. Officers Michael Sbuttoni and Lawrence Heid went to the second floor apartment, knocked on the front door and identified themselves as police officers. At that time, Sergeant Nunzio Cangemi and Officer James Olsen were positioned on the street in front of the apartment building and observed two baggies being tossed out of a second floor window of that apartment. Cangemi and Olsen then joined Sbuttoni, Heid and Officer Brian Dyer outside the apartment door and told them about the baggies which appeared to contain crack cocaine.[1]

Shortly thereafter, the police officers were admitted into the apartment by the tenant and observed defendant and James Nelson sitting in the room near the windows from which the crack cocaine had been thrown. The officers pat frisked both

---

1. The contents of the baggies were later tested and determined to be 14.26 grams of crack cocaine.

men and conducted a consensual search of the apartment, which disclosed no drugs or drug paraphernalia and revealed that the tenant, defendant, Nelson and two children who had been sleeping when the police entered the apartment were the sole occupants of the apartment. Defendant and Nelson were then arrested and taken to a nearby police station for processing where, after receiving *Miranda* warnings, defendant admitted that the drugs were his and that he had thrown them out the window.

Defendant was indicted for two counts of criminal possession of a controlled substance in the third degree. His motion to suppress his oral statement on 5th Amendment grounds was denied by County Court (Breslin, J.) after a *Huntley* hearing. Convicted after a jury trial of one count of criminal possession of a controlled substance in the third degree, defendant was sentenced to an indeterminate prison term of 7 to 14 years. He subsequently moved pursuant to CPL 440.10 to vacate his judgment of conviction, claiming that his right to effective assistance of counsel had been violated because his counsel failed to challenge the legality of his arrest and failed to seek suppression of his oral statement as incident to an unlawful arrest. Supreme Court denied the motion without a hearing. Defendant now appeals from his judgment of conviction and, by permission (*see*, CPL 450.15 [1]), from the summary denial of his CPL 440.10 motion.

Our analysis focuses on defendant's claim that he is entitled to have his judgment of conviction vacated on the basis of his defense counsel's failure to seek a determination that his arrest was not supported by reasonable cause to believe that he had committed a crime (*see*, CPL 70.10 [2]; 140.10 [1] [b])[2] and to have his statement to the police suppressed as the product of an illegal arrest. Although the failure of defense counsel to make a particular pretrial motion is generally insufficient, standing alone, to support a claim of ineffective assistance of counsel (*see*, *People v Rivera*, 71 NY2d 705, 709; *People v Vecchio*, 228 AD2d 820, 820), from our review of this record, we discern no legitimate strategic or tactical explanation for defense counsel's failure to seek a *Dunaway* hearing (*see*, *People v Rivera*, 71 NY2d 705, 709). However, relying on its recollec-

---

2. It is settled law that in the context of a police officer's authority to arrest, New York's statutory concept of "reasonable cause" is the equivalent of the familiar constitutional standard called "probable cause" (*see*, *People v Johnson*, 66 NY2d 398, 402 n 2; Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 70.10, at 177). The terms will be used interchangeably.

tion of the trial testimony, Supreme Court concluded that there was "virtually no merit" to defendant's claim that the police lacked probable cause for his arrest and summarily denied defendant's CPL 440.10 motion. We invoke our discretionary authority to review the probable cause issue, de novo, in the interest of judicial economy and find that Supreme Court's summary denial of the CPL 440.10 motion was error.

It is not disputed that when the police officers entered the apartment, defendant and Nelson were sitting near the window from which the crack cocaine had been thrown. However, the officers did not discover any drugs or drug paraphernalia in open view upon entry, nor any contraband during their consensual search of the apartment or pat frisk of defendant and Nelson. Moreover, there was no evidence of any "overt criminal activity or furtive behavior" (*People v Elliotte*, 283 AD2d 719, 720, *lv dismissed* 96 NY2d 939) which could be specifically attributable to defendant (*see, People v Pelchat*, 62 NY2d 97, 107), nor were there any other facts present which might support a claim that defendant constructively possessed the drugs (*see, People v Swain*, 241 AD2d 695; *People v Edwards*, 206 AD2d 597, *lv denied* 84 NY2d 907).

Probable cause for a warrantless arrest may be found when there are facts and circumstances "sufficient to support a reasonable belief that an offense has been or is being committed" (*People v Bigelow*, 66 NY2d 417, 423). However, defendant's mere presence in the apartment from which the crack cocaine was thrown did not establish probable cause that he possessed it (*see, People v Martin*, 32 NY2d 123, 125). Additionally, we note that the Court of Appeals has required that the police have a reasonable suspicion that a particular person has committed a crime before a warrantless arrest may be made (*see, People v Hollman*, 79 NY2d 181, 185; *People v De Bour*, 40 NY2d 210, 223). This position is supported by at least one federal constitutional scholar, who has commented that a fair interpretation of United States Supreme Court cases on 4th Amendment rights "suggests that probable cause to arrest does not exist unless the information at hand singles out one individual" (2 LaFave, Search and Seizure § 3.2 [e], at 61 [3d ed]; *see, Wong Sun v United States*, 371 US 471; *Mallory v United States*, 354 US 449; *Johnson v United States*, 333 US 10). Here, suspicion was directed at two people, defendant and Nelson, because, as Cangemi testified, they "were the only ones able and capable of possessing the narcotics and throwing it out the window at the time of the incident." In the absence of some information known to the police that singled out defendant as

the one who possessed the crack cocaine,[3] his warrantless arrest lacked probable cause.

Supreme Court's summary determination of defendant's CPL 440.10 motion relied on its recollection of trial testimony that "another occupant in the room [Nelson] told the defendant to 'own up to the drugs' when the police entered." While that statement, if made prearrest, may have provided the necessary probable cause for defendant's arrest, the only admissible testimony pertaining to Nelson's statement found in the record pertained solely to statements made postarrest and does not provide the necessary probable cause for defendant's arrest. Nor do we find that defendant's later oral statement admitting ownership of the crack cocaine excuses the lack of probable cause for his arrest (see, People v Elliotte, 283 AD2d 719, 720, supra). Notwithstanding the fact that defendant's oral statement was made after proper Miranda warnings were administered, it should have been otherwise suppressed as flowing from his illegal arrest, since observing defendant's 5th Amendment rights cannot cure a violation of his rights under the 4th Amendment (see, Dunaway v New York, 442 US 200, 217; see also, NY Const, art I, § 12).[4]

Consequently, in light of our determination that the police lacked probable cause to arrest defendant, we are constrained to reverse defendant's conviction, suppress his oral statement made to the police as the product of an illegal arrest and dismiss the indictment.

Cardona, P.J., Mercure, Peters and Mugglin, JJ., concur. Ordered that the judgment and order are reversed, on the law, motion to vacate granted and indictment dismissed.

---

3. We note that the statute that could provide the necessary legal presumption of possession (see, Penal Law § 220.25) has no applicability to these facts.

4. While the "taint of an unconstitutional arrest may be dissipated prior to the making of a custodial confession" (People v Dyla, 142 AD2d 423, 430, lv denied 74 NY2d 808), here defendant continued in police custody from the time of his arrest to the time he gave his statement less than two hours later and there was no intervening event of any significance (see, Dunaway v New York, supra at 218).