■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY McMILLIAN, Appellant.—Judgment unanimously affirmed. Memorandum: There was ample evidence proving defendant's guilt beyond a reasonable doubt.

The charge on identification was more than adequate *(see, People v Whalen,* 59 NY2d 273, 279).

The suppression court properly refused to suppress the in-court identification of Police Officer Peterson. The viewing of defendant's photograph by Officer Peterson was for the purpose of assuring that an arrest warrant would be issued for the right person *(see, People v Morales,* 37 NY2d 262, 272; *People v Carolina,* 112 AD2d 244; *People v Marrero,* 110 AD2d 785; *People v Stanton,* 108 AD2d 688). Moreover, there was an independent basis for the in-court identification. Officer Peterson first saw defendant as he walked across the street into the restaurant. The street lamp in front of the restaurant and the lighted advertising sign on the building enabled the officer to

get a clear view of defendant's face. The officer again saw defendant as he looked out the back door of the restaurant and as he walked out of the front door into the parking lot and in front of Officer Peterson's police car. Officer Peterson had reason to pay close attention to defendant. He noticed that a young woman was leading the victim into an alleyway, and when he saw her beckon to defendant and his companion, he continued to observe them as they followed the young woman and the victim.

Contrary to defendant's contention, the court sentenced defendant on both counts of attempted robbery in the second degree. We construe the sentence imposed as indeterminate terms of 2⅓ to 7 years on each of the two counts, to run concurrently.

We have considered the other issues raised by defendant and we find them to be without merit. (Appeal from judgment of Supreme Court, Monroe County, Bergin, J.—attempted robbery, second degree, two counts, and attempted grand larceny, third degree.) Present—Callahan, J. P., Doerr, Denman, Boomer and Green, JJ.