■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH SNOW, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Santagata, J.), rendered February 21, 1984, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony and a statement made by him to the police.

Ordered that the judgment is affirmed.

On the instant appeal, the defendant challenges the warrantless entry into, and search of, a boarding house by the police which led to his arrest. The defendant was discovered hiding in the crawl space over a second-floor hallway bathroom. We disagree with the defendant's argument.

The record indicates that consent to enter and search the boarding house was given by the daughter of its owner. The daughter resided in the boarding house and possessed a set of keys for all the rented rooms therein. Accordingly, she clearly possessed the requisite degree of authority and control over the premises to enable her to give a valid consent to search the common area in which the defendant was found *(see, People v Cosme,* 48 NY2d 286; *People v Adams,* 53 NY2d 1, *cert denied* 454 US 854). The record further indicates that her consent, which was reflected in a signed written consent to search form, was not coerced in any way.

The defendant further argues that his identification at the arrest scene by two police officers who had observed and unsuccessfully attempted to apprehend him at the burglary scene a short time earlier, constituted an illegal showup and should have been suppressed. We also disagree with this argument. It is clear from the record that the police officers' viewing of the defendant was conducted in an effort "to confirm" that the right person had been arrested and "it has been observed by the Court of Appeals that the dangers of misidentification are greatly reduced when the person who views the suspect is * * * a law enforcement officer who is trained to be both accurate and objective in his observations *(see, People v Morales,* 37 NY2d 262)" *(People v Carolina,* 112 AD2d 244, 245; *see also, People v Stanton,* 108 AD2d 688; *People v McMillian,* 120 AD2d 967).

We have examined the defendant's remaining arguments and find that they are either unpreserved for appellate review or without merit. Mangano, J. P., Bracken, Niehoff and Eiber, JJ., concur.