■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL KING, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered May 21, 1987, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant was arrested shortly after he sold two vials of crack to an undercover officer who then radioed a description of the defendant to a backup team which apprehended him. Approximately an hour later the undercover officer identified the defendant at the police precinct. The defendant argues that both the precinct identification and in-court identification should have been suppressed as a result of the suggestive showup procedure employed by the police. We

disagree with the defendant's argument. The undercover officer's viewing of the defendant was for the purpose of assuring that the right man had been arrested and did not constitute an impermissible identification procedure *(see, People v Morales,* 37 NY2d 262; *People v Snow,* 128 AD2d 564). In addition, the possibility of misidentification was lessened since the undercover officer who made the identification was " 'trained to be both accurate and objective in his observations' " *(People v Snow, supra,* at 564, quoting *People v Carolina,* 112 AD2d 244, 245).

The defendant failed to preserve for appellate review his claim that he was prejudiced by the People's attempt to impeach the credibility of a defense witness by introducing extrinsic documentary evidence of a collateral matter *(see, People v Alvino,* 71 NY2d 233, 247-248; *People v Johnson,* 144 AD2d 490). Moreover, the defense actually assisted with the admission of this evidence by stipulating to its authenticity.

Upon the exercise of our factual review power we find that the verdict was not against the weight of the evidence (CPL 470.15 [5]). The evidence adduced at trial clearly established that the defendant sold drugs to the undercover officer.

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Rubin, Sullivan and Harwood, JJ., concur.