■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER HOLLINS, Appellant.—Judgment unanimously reversed on the law, defendant's motion to suppress granted and new trial granted. Memorandum: At 2:11 A.M. on January 8, 1985, a radio report of a burglary at 135 Laburnum Crescent, Rochester, New York, was dispatched to police officers. The report described a suspect as a black male, in his early twenties, wearing dark clothing. Several minutes later Officer Liberti, en route to the scene of the reported burglary in a marked police car, observed a black male attempt to enter a pickup truck. The truck was stopped in front of the officer's vehicle at a traffic light at the intersection of Canterbury Road and Monroe Avenue, only blocks from Laburnum Crescent. The officer observed the driver of the vehicle wave his arm about, after which the man got out of the truck. Officer Liberti pulled his police car along the side of the truck "to find out what the problem was" when the black male ran away. Officer Liberti chased him on foot but lost track of the

snowprints. By means of Liberti's radio communications, other officers picked up footprints in the snow leading to a house on Crossman Terrace, a couple of blocks from the crime scene. The officers observed a black male inside the house seated on a stairway. An occupant permitted the officers entry into the house. They immediately apprehended defendant, conducted a patdown, handcuffed him and placed him in a police vehicle. Thereafter, he was transported to the crime scene where the victim made a positive identification.

Defendant made a pretrial motion seeking to suppress the showup identification, money and lottery tickets taken from defendant on the ground that the evidence was fruit of an illegal arrest. The hearing court denied the motion finding that the police had probable cause to arrest defendant. In our view, this was error.

Defendant was under arrest when he was handcuffed and placed in the police vehicle for transportation back to the crime scene (see, People v Brnja, 50 NY2d 366, 372). Probable cause for the arrest, however, did not exist at that time (see, People v Parris, 136 AD2d 882, lv dismissed 71 NY2d 1031; People v Johnson, 102 AD2d 616, 626).

Since we conclude that the initial seizure of defendant was unlawful, the fruits of that unconstitutional seizure must be suppressed (People v Cantor, 36 NY2d 106, 114; see, Wong Sun v United States, 371 US 471; People v Parris, supra, at 883). (Appeal from judgment of Supreme Court, Monroe County, Bergin, J.—burglary, second degree, and other charges.) Present—Callahan, J. P., Denman, Green, Balio and Davis, JJ.