■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE AYALA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rienzi, J.), rendered June 24, 1986, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to establish that he was the man that a police officer observed making a sale of heroin on a Brooklyn street. We disagree.

The evidence adduced at trial included the police officer's unwavering identification testimony that while on motor patrol he had observed the defendant at the same street corner

location three times in one hour. Further, each time, the officer had an unobstructed view of the defendant for a few seconds, from approximately 10 feet away. Thereafter, the officer proceeded to a rooftop where he observed the defendant for about five minutes from approximately 50 feet away. The view was unobstructed and he testified that he was able to see the defendant's face. During the surveillance, the officer observed the defendant as he made a sale of a substance, later determined to be heroin, to a passerby.

Although the defendant argues that the police officer did not have a sufficient opportunity to observe the defendant from the rooftop, resolution of issues of credibility relating to identification, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Here, the jury could properly credit the officer's testimony *(see, People v Snow,* 128 AD2d 564) and reject that of the defendant and his cousin. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Finally, the defendant's contentions with regard to the prosecutor's summation are either unpreserved for appellate review or lacking in merit. Kunzeman, J. P., Kooper, Sullivan and Balletta, JJ., concur.