■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR MAYA, Appellant.—Judgment, Supreme Court, New York County (Paul Bookson, J.), rendered May 22, 1989, convicting defendant after a jury trial of robbery in the first degree and two counts of robbery in the second degree, and sentencing him, as a second felony offender, to concurrent indeterminate terms of imprisonment of 7½ to 15 years and two terms of 4 to 8 years, respectively, unanimously affirmed.

On September 7, 1986, while driving home from celebrating the birth of his son, off-duty Police Officer Lamontanaro was pulled out of his car, which was stopped at a traffic light, by three assailants and brutally beaten and robbed. The assailants fled after the robbery.

Detective Wilform was assigned to the case the day after the attack. On October 12, 1986 an informant supplied information relating to defendant and his co-defendant. The names and photos of the two defendants were given to Detective Wilform. Photo arrays were conducted at which Lamontanaro positively identified the two assailants. Detective Wilform attempted to locate defendant, to no avail. Wilform was also assigned to several homicide cases which occupied much of his time. On June 27, 1987, Detective Brosnan was assigned to the case. It was discovered that defendant was in prison. Brosnan first searched for the other defendant, who was not incarcerated, and found him in August 1987. In October, Brosnan interviewed defendant in prison and on November 19, 1987, a line-up was conducted in which Lamontanaro identified defendant.

Defendant moved to dismiss the indictment, asserting that the delay between the victim's photo identification and the arraignment prejudiced him. *(See, People v Singer,* 44 NY2d 241.)* The court, after a hearing, denied the motion. While defendant challenges this ruling, the evidence reveals that the pre-arrest delay was not unduly long. Moreover, any delay in locating defendant was reasonable and clearly was not a deliberate tactic by the prosecution. *(See, United States v*

*Lovasco,* 431 US 783, 795, *reh denied* 434 US 881.) Finally, defendant's assertion that he was prejudiced as a result of the delay, since he could have received a prison sentence to run concurrently with the one he was already serving, is speculative.

The court also ruled, at a suppression hearing, that while the line-up identification must be suppressed since defense counsel was not present, there was an independent basis for the victim's identification of defendant. We agree. Indeed, not only was there no suggestiveness to the photo identification and line-up identification at which Lamontanaro positively identified defendant, the evidence demonstrates that during the attack Lamontanaro was able to observe defendant under good lighting for several minutes. Moreover, as a police officer, Lamontanaro was trained to observe criminal activity and make accurate identifications. *(See, People v King,* 146 AD2d 714, 715, *lv denied* 73 NY2d 979.)

We have considered all other claims and find them to be meritless. Concur—Carro, J. P., Milonas, Rosenberger and Kupferman, JJ.