■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN MUNROE, Also Known as FRANK, Appellant.—Crew III, J. Appeal from a judgment of the County Court of Sullivan County (Ceresia, Jr., J.), rendered June 13, 1991, upon a verdict convicting defendant of two counts of the crime of criminal sale of a controlled substance in the third degree.

State Police Investigator Lewis Roman was assigned to Sullivan County to engage in an undercover drug investigation. On August 29, 1990 he participated in a brief drug transaction, his first in the County. On that day he drove to the parking lot of Knobby's Bar with a confidential informant and, upon pulling into the parking lot, an individual approached the passenger side of the car whereupon Roman advised that he was desirous of purchasing 12 vials of "crack" for $100. At that time the informant identified the individual

as "Frank". After a brief discussion Frank left the car, went to Knobby's Bar and returned with the vials of crack. Two days later Roman was shown a single photograph by State Police Investigator William Sprague and Roman identified the person in the photograph as Frank. Four days later, Roman again drove to Knobby's Bar and, in another brief transaction, purchased additional vials of crack from Frank. On October 30, 1990 defendant was arrested and charged with two counts of criminal sale of a controlled substance in the third degree. Thereafter, defendant moved to suppress identification testimony at his trial based upon the aforesaid photo identification. After a *Wade* hearing, at which Sprague was the only witness, County Court denied the motion to suppress on the ground that the photographic identification constituted a confirmatory identification made in the context of an ongoing criminal investigation. Following a jury trial, defendant was convicted of both counts of criminal sale of a controlled substance in the third degree and this appeal ensued.

Defendant contends that his pretrial photographic identification was impermissibly suggestive and that County Court erred in denying his motion to suppress. We agree. There are two kinds of confirmatory identifications. The first is where the protagonists are previously known to one another, thereby obviating any concern of suggestiveness *(see, People v Rodriguez,* 79 NY2d 445). The second is where a police officer's identification occurs at a time and place sufficiently connected with and contemporaneous to the arrest as to constitute the ordinary and proper completion of an integral police procedure (commonly referred to as a "buy-bust") *(see, People v Roberts,* 79 NY2d 964; *People v Gordon,* 76 NY2d 595; *People v Wharton,* 74 NY2d 921). Neither of those exceptions to the constitutional and statutory safeguards attendant to pretrial identification procedures apply to the case at bar.

The record is clear in this case that Roman did not know Frank prior to the occasion of the first drug transaction, nor was the viewing here contemporaneous to defendant's arrest in order to insure that the right person had been arrested. Nevertheless, the People would have us sustain County Court's determination on the basis that the identifying witness is a trained undercover police officer. The Court of Appeals, however, has specifically declined to engraft a general " 'trained officer exception' " to the sanctions against potentially erroneous or tainted identifications *(see, People v Gordon, supra,* at 601; *People v Wharton, supra,* at 923). We conclude, therefore, that Roman's identification of defendant

from a single photograph two days after his observation of defendant during the commission of the crime cannot be considered a proper confirmatory identification *(see, People v Perez,* 74 NY2d 637). Accordingly, there must be a new trial. In that regard, because Roman did not testify at the suppression hearing and County Court was unable to make a finding as to whether an independent basis existed for his in-court identification, a further hearing must be held with respect to the admissibility of such identification *(see, People v Burts,* 78 NY2d 20).

Because there must be a new trial, we deem it appropriate to address defendant's contention that County Court erred in denying his request for a missing witness charge. At the trial the People did not call the confidential informant as a witness. The defense was an alibi and two witnesses were called in support thereof. Accordingly, it is clear that the testimony of the confidential informant would have elucidated the transaction and unless the People demonstrated that the informant was not under their control or was unavailable, defendant was entitled to a missing witness charge *(see, Graves v United States,* 150 US 118, 121; *People v Rodriguez,* 38 NY2d 95, 98). While "control" has been defined as a relative concept, generally witnesses are considered to be in the "control" of the party to whom they are favorably disposed *(see, People v Rodriguez, supra;* Richardson, Evidence § 272, at 806 [Prince 3d ed]). On the record before us it is clear that the confidential informant was under the "control" of the People.

While defendant met the threshold requirements to entitle him to a missing witness charge, we believe that County Court properly concluded that the confidential informant was "unavailable" and the charge was, therefore, not appropriate. The People demonstrated that the law enforcement agency involved had not been in contact with the informant for approximately six months prior to trial. There was no evidence that law enforcement personnel procured the absence of the witness. The officer in charge of the investigation inquired at the last known residence of the informant, her boyfriend and a relative, all to no avail. He also determined that there were several outstanding arrest warrants that had not been executed. There being no evidence that law enforcement officials procured the confidential informant's disappearance, the record contains adequate evidence to sustain County Court's conclusion that the People made diligent efforts to locate the informant, thus justifying denial of the requested missing

witness charge *(see, People v Vasquez,* 76 NY2d 722; *People v Gonzalez,* 68 NY2d 424; *cf., People v Jenkins,* 41 NY2d 307).

Mikoll, J. P., Yesawich Jr., Mercure and Harvey, JJ., concur. Ordered that the judgment is reversed, on the law, motion to suppress the photographic identification granted and matter remitted to the County Court of Sullivan County for further proceedings not inconsistent with this court's decision.