■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK RUPERT, Appellant. [595 NYS2d 998] —Judgment unanimously affirmed. Memorandum: Defendant asserts that the trial court erred in failing to conduct an inquiry to determine whether he was aware of his right to testify and chose to

waive that right. Because there is no evidence in the record that the trial court or defendant's attorney deprived defendant of his right to testify *(see, People v Doe,* 186 AD2d 1036), the trial court was not required to inquire into defendant's failure to testify *(see, People v Russell,* 192 AD2d 1102 [decided herewith]).

We also find no merit to defendant's contention that his showup identification by two police officers was impermissibly suggestive. The showup occurred within minutes after the two officers arrived at the scene of the burglary and observed and chased a fleeing suspect. After the two officers lost contact with the suspect, another nearby officer stopped defendant, who matched the suspect's description, and took him to the two officers for identification. Because the showup was conducted close in time and place to the crime, it was an appropriate means of securing a prompt identification *(see, People v Love,* 57 NY2d 1023, 1024; *People v Brnja,* 50 NY2d 366, 372; *People v Minter,* 186 AD2d 1035, *lv denied* 81 NY2d 764). Additionally, the danger of misidentification was greatly reduced because this confirmatory identification was made by police officers who are trained to be both accurate and objective *(see, People v Morales,* 37 NY2d 262; *People v Snow,* 128 AD2d 564). Because the suppression court's finding that the showup was not impermissibly suggestive was supported by the record, we find no basis to disturb it *(see generally, People v Gee,* 104 AD2d 561). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Burglary, 2nd Degree.) Present—Callahan, J. P., Pine, Balio, Lawton and Doerr, JJ.