■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE COLLINS, Appellant. [635 NYS2d 902] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that County Court erred in denying his motion to suppress on the ground that his showup identification was impermissibly suggestive. The record of the suppression hearing establishes that two police officers responded to shots fired in the area of Thomas and Hixon Streets. Upon arriving at the scene, they observed an individual for approximately 10 seconds, and directed him to show his hands. The individual fled and shots were fired at the officers as they pursued him. Approximately one hour later, following a search by numerous officers, an individual was apprehended in proximity to the initial encounter. The officers involved in the initial encounter proceeded to that location, where they identified defendant. Because the showup was conducted close in time and place to the crime, it was an appropriate means of securing a prompt identification (see, People v Love, 57 NY2d 1023, 1024; People v Hartsfield, 210 AD2d 949, lv denied 85 NY2d 862; People v

*Minter,* 186 AD2d 1035, *lv denied* 81 NY2d 764). Additionally, the danger of misidentification was significantly reduced because the identifications were made by police officers who are trained to be objective *(see, People v Morales,* 37 NY2d 262; *People v Rupert,* 192 AD2d 1072, 1073, *lv denied* 81 NY2d 1080; *People v Snow,* 128 AD2d 564). Because the court's determination that the showup identification was not impermissibly suggestive is supported by the record, there is no basis to disturb it *(see generally, People v Rupert, supra; People v Gee,* 104 AD2d 561). (Appeal from Judgment of Monroe County Court, Bristol, J.—Criminal Possession Weapon, 2nd Degree.) Present—Pine, J. P., Lawton, Wesley, Davis and Boehm, JJ.