■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS OCASIO, Appellant. [661 NYS2d 344] —Judgment unanimously affirmed. Memorandum: Officer O'Shaughnessy and Recruit Officer Tarantello, responding to a radio broadcast of a possible burglary in progress at a residence, observed defendant and his codefendant fleeing from the back door. A few minutes later, Officer O'Shaughnessy apprehended the codefendant, who was in possession of a watch and other jewelry. Officer O'Shaughnessy broadcast a detailed description of defendant and, approximately 45 to 60 minutes later, Officer Ad-

ams saw defendant, who closely matched that description, about one-half mile from the crime scene. After questioning defendant, Officer Adams asked him if he would voluntarily accompany her to the crime scene because he matched the description of a burglary suspect, and defendant agreed to do so. Defendant was then patted down and transported to the crime scene, where he was identified by Officer O'Shaughnessy and Recruit Officer Tarantello.

At the suppression hearing, Officer Adams testified that, after questioning defendant and patting him down, he was no longer free to leave. She could not recall whether she had handcuffed defendant before placing him in the police car. Because the People failed to meet their burden of establishing that the police conduct was a lawful detention rather than an arrest, defendant's detention must be analyzed as a de facto arrest (*see, People v Hicks*, 68 NY2d 234, 239; *People v Brnja*, 50 NY2d 366, 372; *People v Hollins*, 147 AD2d 918, 919).

Defendant contends that the police officer who apprehended him lacked probable cause to arrest him and, therefore, the subsequent showup identifications should have been suppressed as the fruit of the illegal arrest. That contention lacks merit. When apprehended, defendant was in proximity to the crime scene and matched the detailed description of the fleeing suspect. Thus, Officer Adams had probable cause to arrest him (*see, People v Petralia*, 62 NY2d 47, 51-52, *cert denied* 469 US 852; *People v Pacheco*, 192 AD2d 625, *lv denied* 81 NY2d 1077; *People v Rivera*, 166 AD2d 678, 679, *lv denied* 77 NY2d 843).

We reject the further contention of defendant that the showup was unduly suggestive. The showup was conducted close in time and place to the crime (*see, People v Duuvon*, 77 NY2d 541, 545). Further, there was little danger of misidentification because the identifications were "made by police officers who are trained to be objective" (*People v Collins*, 222 AD2d 1112, 1113, *lv denied* 87 NY2d 1018; *see, People v Morales*, 37 NY2d 262, 271; *People v Rupert*, 192 AD2d 1072, 1073, *lv denied* 81 NY2d 1080).

Because defendant did not object to the court's charge on identification, he failed to preserve that issue for our review (*see*, CPL 470.05 [2]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]). (Appeal from Judgment of Monroe County Court, Smith, J.—Burglary, 2nd Degree.) Present—Lawton, J. P., Callahan, Doerr, Balio and Boehm, JJ.