■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN CARTER, Appellant. [671 NYS2d 881] —Peters, J. Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered October 18, 1996, upon a verdict convicting defendant of two counts of the crime of criminal sale of a controlled substance in the third degree.

During a "buy and bust" operation in the City of Hudson, Columbia County, undercover police officers, working with a confidential informant, approached defendant on March 13, 1996 and on April 11, 1996. On March 13, 1996, defendant sold two bags of cocaine to State Trooper Robert Missenis while he and the confidential informant remained in the car. On April 11, 1996, Missenis, after purchasing $50 worth of cocaine from Jason Cruz, a codefendant, observed defendant ask Cruz for $20 from that transaction.

After a *Wade* hearing, defendant was tried jointly with Cruz. Ultimately convicted of two counts of criminal sale of a controlled substance in the third degree, defendant was sentenced as a second felony offender to concurrent prison terms of 8 to 16 years on each count. Defendant appeals.

Defendant's ineffective assistance of counsel claim is grounded upon his attorney's failure to object to testimony of both the undercover officer and the backup officers whose testimony purportedly bolstered Missenis' identification of defendant. In the absence of the ineffective assistance claim, we would decline to review the issue since no objection was made at trial to the testimony of these officers (*see*, *People v Rosado*, 191 AD2d 262, *lv denied* 81 NY2d 1019). However, viewing the effectiveness of counsel's representation under the totality of these circumstances (*see*, *People v Baldi*, 54 NY2d 137), we find no failure in the representation rendered and further find a reasonable basis for counsel's failure to object to such testimony as improper bolstering.

While the in-court identification of a defendant may not be bolstered by the testimony of a previous identification (*see*, *People v Trowbridge*, 305 NY 471), confirmatory identification in a buy and bust narcotics operation does not necessarily constitute such improper bolstering (*see*, *People v Wharton*, 74 NY2d 921). Here, neither Missenis' testimony about his prior identification of defendant (*see*, *People v Sarmiento*, 168 AD2d

328, *affd* 77 NY2d 976) nor the backup officers' testimony about their confirmatory identification (*see, People v Alvarez*, 211 AD2d 425, *affd* 86 NY2d 761) constituted the type of testimony which is prohibited.

With no merit found in defendant's remaining contentions (*see, People v Cruz*, 244 AD2d 803), we affirm the judgment of County Court.

Cardona, P. J., White, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.