■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON MOSLEY, Appellant. [744 NYS2d 577] —Lahtinen, J. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered May 17, 2000, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the seventh degree (two counts).

The identification of defendant was the crucial issue at his trial, which stemmed from alleged sales of crack cocaine to two undercover police officers in the City of Hudson, Columbia County, in August and September 1999. Part of the People's direct proof included the testimony of Deputy Sheriff Wendy Gunthert that she purchased cocaine from defendant and that five days after the undercover transaction, she identified defendant in a photo array. Another undercover officer, State Police Investigator Robert Missenis, who purportedly purchased cocaine from defendant about 2½ months before defendant's arrest in December 1999, testified in the People's direct case that, within 30 minutes of the transaction, he identified defendant from a single photograph shown to him by another police officer. Defendant elected to testify at trial, denying involvement in the transactions with Gunthert and Missenis. He also presented alibi evidence via the testimony of his girlfriend. Defendant was found guilty of two counts each of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree and sentenced, as a predicate felon, to consecutive indeterminate terms of imprisonment of 12½ to 25 years on the criminal sale convictions and one year on each possession conviction. This appeal ensued.

Among the many arguments advanced by defendant is the contention that he was deprived of a fair trial by the prosecution's improper bolstering of key identification evidence in its direct case. Prefatorily, we note that defendant's attorney failed to object at trial to the purportedly bolstering evidence and, on appeal, defendant asserts his contention regarding such evidence primarily within the context of an ineffective assistance of counsel argument. Defendant does, however, urge this Court to reach, in the interest of justice, "any issue not preserved" and, under the narrow and particular circumstances presented, we deem it prudent, in the interest of justice and judicial

economy, to address the bolstering issue directly rather than within the context of the constitutional argument (*see*, CPL 470.15 [3] [c]; *People v Montgomery*, 293 AD2d 773, 774-775; *cf.*, *People v Burt*, 246 AD2d 919, 923, *lv denied* 91 NY2d 1005).

It is well settled that the prosecution may not present testimony regarding a pretrial out-of-court photographic identification of a defendant because such evidence improperly bolsters the witness's testimony (*see, e.g.*, *People v Lindsay*, 42 NY2d 9, 12; *People v Griffin*, 29 NY2d 91; *People v Caserta*, 19 NY2d 18; *People v Irby*, 162 AD2d 714, *lv denied* 76 NY2d 894). This important prohibition is lifted only "in rare instances" where conduct by the defendant at the trial opens the door for such testimony (*People v Cuiman*, 229 AD2d 280, 282, *lv denied* 90 NY2d 903). Here, there are no allegations that defendant engaged in trial tactics that opened the door to permit testimony about the pretrial photo identifications.

Instead, the People, relying primarily upon *People v Wharton* (74 NY2d 921), argue that the pretrial identifications of defendant were admissible as confirmatory identifications that were part and parcel of a police procedure commonly referred to as a "buy and bust." We disagree. *Wharton* did not concern itself with the admissibility of extrajudicial identification as part of the People's direct case. It merely held that a confirmatory identification, made after a "buy-bust," was not unduly suggestive, as a matter of law, and thus need not be the subject of a *Wade* hearing. Neither Court of Appeals' precedent nor any cogent argument advanced by the People leads to the conclusion that *People v Wharton* (*supra*) should be extended to create a buy and bust exception to the long-settled trial evidentiary rule prohibiting the prosecution from introducing on its direct case testimony about pretrial photo identification.*

Having found error, we must determine whether such error was harmless (*see*, *People v Crimmins*, 36 NY2d 230). Our analysis of the evidence leads us to conclude that the cumulative impact of permitting two police officers—who supplied the only identification testimony at trial—to provide improper bolstering evidence in a case that clearly turned on the issue that was bolstered by the People cannot be disregarded as harmless er-

---

* To the extent that *People v Carter* (249 AD2d 773, *lv denied* 92 NY2d 923) holds to the contrary, we decline to follow it. When identification evidence other than photographic identification is involved, the statutory exceptions to bolstering in CPL 60.25 and 60.30 are implicated. However, "in New York, prior photographic identifications are inadmissible as any portion of evidence in chief, notwithstanding the provisions of [CPL 60.25 and 60.30]" (Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 60.25, at 640).

ror, particularly with the added factors that defendant presented alibi evidence and was not arrested close in time to the alleged commission of the crimes (*see, People v Polenca*, 204 AD2d 911). Indeed, it is the significant potential for prejudice flowing from such duplicative errors on the crucial issue in this case that provides the narrow circumstances that have persuaded us to address the issue despite the absence of proper objections by defense counsel (*cf., People v Faison*, 126 AD2d 739, 739-740).

Defendant's remaining arguments are rendered academic and we do not address them.

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and matter remitted to the County Court of Columbia County for a new trial.

