■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE A. DOUGLAS, Appellant. [746 NYS2d 72] —Mugglin, J. Appeals (1) from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered April 28, 1999, upon a verdict convicting defendant of the crimes of sodomy in the third degree (two counts) and endangering the welfare of a child, and (2) by permission, from an order of said court, entered January 24, 2001, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant, a direct care supervisor at Vanderhyden Hall in the Town of North Greenbush, Rensselaer County, was indicted for rape in the first degree, rape in the third degree, sodomy in the first degree (seven counts), sodomy in the third degree (seven counts), sexual abuse in the first degree (two counts) and endangering the welfare of a child. The indictment charged defendant with having committed these crimes on May 15, 16 and 19, 1998. The victim was a 15-year-old female resident of the facility. At trial, defendant called his wife as an alibi witness for May 15th and his mother as an alibi witness for May 16th. Faced, however, with having to plausibly explain DNA evidence that his semen was found on the victim's tee shirt, he admitted at trial that he allowed the victim to perform an act of oral sex upon him on May 19th. Defendant was found guilty of two counts of sodomy in the third degree and one count of endangering the welfare of a child and sentenced to consecutive prison terms of 1⅓ to 4 years on the sodomy convictions and a concurrent term of one year on the endangering the welfare of a child conviction. Following the denial, without a hearing, of defendant's CPL 440.10 motion, based, inter alia, on ineffective assistance of counsel, defendant appeals both the judgment of conviction and the order denying his motion to vacate the judgment.

Among the many arguments urging reversal which have been raised by counsel and defendant in his pro se brief, only one merits extended discussion. In their brief, the People concede that County Court announced its intention to give an alibi charge, both with respect to May 15 and May 16, 1998, but only gave the charge with respect to May 15th. Defendant was acquitted of all charges alleged to have occurred on May 15th, but was convicted of sodomy in the third degree which occurred on May 16th. We first observe that this issue was not preserved for appellate review since defendant failed to interpose an objection to the charge as given or to make any additional requests (*see, People v Holzer*, 52 NY2d 947, 948), and we discern no basis in this record which would warrant the exercise of our discretion in the interest of justice (*see, People v Longo*, 182 AD2d 1019, 1022, *lv denied* 80 NY2d 906). We reach the issue only in the context of defendant's claim that counsel was ineffective by failing to object to the jury charge (*see, People v Carter*, 249 AD2d 773, *lv denied* 92 NY2d 923).

While a single error can constitute ineffective assistance of counsel (*see, e.g., People v Jenkins*, 68 NY2d 896), there must be a reasonable likelihood that the error, standing alone, changed the outcome of the case (*see, People v De La Hoz*, 131

AD2d 154, 156, *lv dismissed* 70 NY2d 1005). Our review of the record leads us to conclude that two reasons exist why counsel's failure to object to the omission of the alibi charge with respect to May 16, 1998 did not affect the outcome of this case. First, the jury was correctly charged with respect to the general principles concerning this defense and was specifically told that the People must disprove the alibi beyond a reasonable doubt. Moreover, County Court painstakingly and repeatedly advised the jury in its general charge that the People are required to establish, beyond a reasonable doubt, all of the essential elements of each crime and that defendant is in fact the person who committed it (*cf., People v Warren*, 76 NY2d 773, 775-776). Second, while defendant's mother attempted to establish an alibi for him by testifying that she met him on the street sometime between 7:00 P.M. and 8:00 P.M., on cross-examination, she clearly admitted that she was not at Vander-hyden Hall that day between 7:00 P.M. and 7:30 P.M., which is where and when the victim testified the sodomy occurred. Under these circumstances, we conclude that counsel's failure to object does not rise to the level of ineffectiveness.

Defendant's other claims of ineffectiveness must be "viewed in totality and as of the time of the representation" (*People v Baldi*, 54 NY2d 137, 147) and, as so viewed, reveal that counsel provided meaningful representation. Notably, defendant was acquitted of 16 of the 19 counts, including the most serious charges. We have carefully examined defendant's claims based upon scripted testimony and inadequate investigation of the alibi defense and find them unpersuasive. Also, given the DNA evidence, we perceive that defense counsel's insistence that defendant acknowledge the sexual encounter which occurred on May 19, 1998 to be a legitimate trial strategy which apparently successfully averted conviction on more serious charges.

We have reviewed the balance of defendant's claims, including, inter alia, that there was legally insufficient evidence to convict, that the verdict was against the weight of the evidence, that his statement to the police should have been suppressed, and that his sentence is harsh and excessive, and find these claims to be without merit.

Crew III, J.P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment and order are affirmed.