THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON WILLIAMS, Appellant. [747 NYS2d 664] —Appeal from a judgment of Monroe County Court (Kohout, J.), entered July 16, 2001, convicting defendant after a nonjury trial of criminal possession of a controlled substance in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law, the motion to suppress is granted, the indictment is dismissed and the matter is remitted to Monroe County Court for proceedings pursuant to CPL 470.45.

Memorandum: Defendant appeals from a judgment convicting him after a bench trial of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]). The drugs underlying the instant conviction were discovered during a search of defendant's person alleged by the People to have been incident to defendant's lawful arrest for criminally using drug paraphernalia in the second degree (§ 220.50 [2]). We agree with defendant that the police lacked reasonable cause to justify his arrest for criminally using drug paraphernalia in the second degree (*see* CPL 140.10 [1]) and thus that County Court erred in denying his suppression motion. Defendant was arrested in an apartment in which the police were executing a search warrant authorizing a search for, inter alia, cocaine and drug paraphernalia. There was no evidence that defendant either owned or regularly occupied the apartment. The alleged drug paraphernalia, small plastic baggies, were found in the kitchen in a closed drawer. Defendant was in the living room when the police officers entered the apartment, and the kitchen was down a hallway approximately 15 to 30 feet away from the living room. The evidence at the suppression hearing was thus insufficient to establish that defendant "exercised 'dominion or control' over the property by a sufficient level of control over the area in which the contraband [was] found" (*People v Manini*, 79 NY2d 561, 573; *see People v Scott*, 206 AD2d 392, 393-394). Because the search of defendant's person was not incident to a lawful arrest, the fruits of that search must be suppressed (*see Wong Sun v United States*, 371 US 471; *People v Hollins*, 147 AD2d 918, 919). Present—Pine, J.P., Hurlbutt, Kehoe, Gorski and Lawton, JJ.