THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARMEL ALLAH, Appellant. [868 NYS2d 822]—

Spain, J.

Shortly after midnight on May 24, 2006, Frank Mastan, a police officer with the Housing Authority of the City of Troy, Rensselaer County, observed a black Lincoln Navigator drive in and out of an apartment complex at an excessive speed, and he made a traffic stop. Mastan exited his patrol vehicle and approached, observing the male driver exit the vehicle. The driver ignored Mastan's directive to get back into the vehicle, they looked directly at each other and then the driver fled on foot. A stolen semiautomatic handgun was discovered protruding from under

the driver's seat, and a debit card and other items bearing defendant's name and address were found in the vehicle. Mastan went to the City of Troy Police Department within three hours, where a printout of defendant's license was obtained. He identified defendant as the driver of the Navigator from a single color photograph on a computer screen of an Internet site that had been searched using defendant's name and birth date. The Navigator had been purchased earlier that month by defendant's sister and her friend, and defendant had driven it on a daily basis. Defendant was arrested about one month later.

Defendant was charged with criminal possession of a weapon in the third degree and criminal possession of stolen property in the fourth degree. Following a *Wade* hearing at which Mastan was the sole witness, County Court denied defendant's motion to suppress Mastan's in-court identification, finding that it was a confirmatory identification that had not been unduly suggestive. A jury convicted defendant as charged, rejecting his alibi and mistaken identification defenses, and he was sentenced as a second felony offender to an aggregate prison term of four years, with five years of postrelease supervision.

Initially, viewing the evidence in a light most favorable to the People, we find that the evidence was legally sufficient to sustain both convictions (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant's operation of the Navigator in which a loaded, operable semiautomatic pistol was sticking out from beneath the driver's seat established his possession under the statutory presumption (*see* Penal Law § 265.02 [former (4)]; § 265.15 [3]), as well as his knowing possession of a stolen firearm, as charged (*see* Penal Law § 165.45 [4]; § 165.55 [1]; *see also People v Cintron*, 95 NY2d 329, 332-333 [2000]; *People v Ashley*, 45 AD3d 987, 989 [2007], *lv denied* 10 NY3d 761 [2008]). Further reviewing the evidence in a neutral light, and deferring to the jury's determinations of credibility among contradictory witness accounts, we do not find that the verdict was, in any respect, against the weight of the evidence (*see People v Watkins*, 49 AD3d 908, 908-909 [2008], *lv denied* 10 NY3d 965 [2008]).

We do agree with defendant's claim that County Court erred in finding that Mastan's identification of him from a computer picture was "confirmatory." There are only two recognized kinds of confirmatory identifications which, if applicable, permit summary denial of a *Wade* hearing and dispense with the People's obligation to provide notice because, as a matter of law, the identification could not have been the product of undue suggestiveness (*see People v Boyer*, 6 NY3d 427, 431 [2006]; *People v Munroe*, 185 AD2d 530, 531 [1992]). The first, where the

identifying witness knew defendant well (*see People v Boyer*, 6 NY3d at 431-432; *People v Rodriguez*, 79 NY2d 445, 453 [1992]), is inapplicable as Mastan did not previously know defendant. The second kind is limited to those identifications made by undercover police officers who participate in planned buy-and-bust operations after a face-to-face purchase, to confirm that backup officers apprehended the right suspect (*see People v Boyer*, 6 NY3d at 432; *People v Mato*, 83 NY2d 406, 410 [1994]; *People v Gordon*, 76 NY2d 595, 600-601 [1990]; *People v Wharton*, 74 NY2d 921, 922-923 [1989]).

Here, while Mastan is an experienced trained police officer,* he was engaged in an unplanned routine traffic stop of a speeding vehicle, not a face-to-face buy-and-bust transaction in which he was placed at the scene to make an identification as contemplated by *People v Wharton* (*supra*) and its progeny. Further, defendant was not arrested until a month later and, thus, Mastan's identification of him from the photograph did not "occur[ ] at a place and time sufficiently connected and contemporaneous to the arrest itself as to constitute the ordinary and proper completion of an integral police procedure" (*People v Wharton*, 74 NY2d at 922-923; *see People v Thompson*, 306 AD2d 758, 759-760 [2003], *lv denied* 1 NY3d 581 [2003]). Significantly, confirmatory identifications are "limited to the [two foregoing] scenarios . . . where there is no risk of misidentification" (*People v Boyer*, 6 NY3d at 431-432), and there is no "general 'trained officer exception' " (*People v Gordon*, 76 NY2d at 601). Thus, Mastan's identification did not qualify as confirmatory (*see e.g. People v Boyer*, 6 NY3d at 433; *People v Gordon*, 76 NY2d at 600-601; *People v Pittman*, 31 AD3d 469, 470 [2006]; *People v Thompson*, 306 AD2d at 759-760; *People v Munroe*, 185 AD2d at 531-532; *cf. People v Wharton*, 74 NY2d at 922-923).

However, even if Mastan's viewing of a single photograph was impermissibly suggestive, suppression of his in-court identification of defendant was not required if it had an independent source untainted by that identification procedure (*see People v Perez*, 74 NY2d 637, 638 [1989]; *People v Schiffer*, 13 AD3d 719, 720 [2004]). Although defendant raised that claim at the hearing (*cf. People v Williams*, 85 NY2d 868, 869 [1995]), County Court made no finding on independent source. Where, as here, the identifying witness testified at the *Wade* hearing and addressed factors relevant to an independent source determination, this Court may make its own finding based upon the suppression testimony (*see People v Dodt*, 61 NY2d 408, 417 [1984]; *cf. People v Gethers*, 86 NY2d 159, 163 [1995]; *People v Riley*, 70

---

* Mastan testified that he is also a Rensselaer County Deputy Sheriff.

NY2d 523, 531-532 [1987]; *People v James*, 67 NY2d 662, 664 [1986]).

Mastan testified at the *Wade* hearing that he approached the Navigator from behind on foot and observed the driver get out of his vehicle and turn, throw something into his vehicle and drop a towel; they looked directly at each other and Mastan remained focused on the driver the entire time, at a close distance, with the patrol car headlights and spotlight directed at the driver and the vehicle. Considering all of the relevant factors, including Mastan's status as a trained observer (*see People v Gethers*, 86 NY2d at 163), we find that his suppression hearing testimony constituted clear and convincing evidence demonstrating that his observations during the traffic stop, while brief, provided an independent source for his in-court identification of defendant at trial (*see People v Schiffer*, 13 AD3d at 720; *see also People v Williams*, 85 NY2d at 869; *People v Perez*, 74 NY2d at 638, *affg* 139 AD2d 460 [1988]).

Further, while Mastan should not have been permitted to testify at trial on the People's direct case that he had identified defendant from the photograph within hours after the traffic stop, reversal is not required. Such testimony regarding pretrial out-of-court photographic identification, of course, constitutes improper bolstering of trial testimony and is prohibited, except where defendant opens the door (*see People v Lindsay*, 42 NY2d 9, 12 [1977]; *People v Rivera*, 31 AD3d 1060, 1061 [2006], *lv denied* 7 NY3d 869 [2006]; *People v Mosley*, 296 AD2d 595, 596 [2002]). While defense counsel did not object to this testimony, defendant contends that this failure amounted to ineffective assistance of counsel and, thus, we will address the bolstering issue (*see People v Mosley*, 296 AD2d at 595-596; *see also* CPL 470.15 [3] [c]). Defense counsel opened the door by preemptively raising this issue during voir dire (*see People v Massie*, 2 NY3d 179, 182-184 [2004]; *People v Heckstall*, 45 AD3d 907, 909 [2007], *lv denied* 10 NY3d 766 [2008]; *People v Rivera*, 31 AD3d at 1061; *cf. People v Seit*, 86 NY2d 92, 95-96 [1995]; *People v Hawes*, 298 AD2d 706, 708 [2002], *lv denied* 99 NY2d 582 [2003]; *People v Mosley*, 296 AD2d at 596), and we do not find that he lacked a strategic or legitimate reason for doing so (*see People v Benevento*, 91 NY2d 708, 712-713 [1998]). While the prosecution should not, in its case-in-chief, have been permitted to bolster Mastan's testimony before his credibility was directly challenged on cross-examination, which it was, we find that any error was harmless (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]). Defendant's remaining claims lack merit.

Cardona, P.J., Carpinello, Malone Jr. and Stein, JJ., concur. Ordered, that the judgment is affirmed.