■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX SHEPARD, Appellant. [889 NYS2d 141]—

Judgment, Supreme Court, New York County (Arlene R. Silverman, J.), rendered May 23, 2007, convicting defendant, after a nonjury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of six years, unanimously affirmed.

Defendant argues that the trial court confused suppression and preclusion issues and that once the court suppressed the physical evidence on the ground that the police lacked probable cause to arrest defendant, it should also have suppressed the confirmatory identification as the fruit of an unlawful arrest (*see People v Gethers*, 86 NY2d 159 [1995]). Instead, the trial court ordered a hearing pursuant to *People v Wharton* (74 NY2d 921 [1989]) to determine the undercover's whereabouts and whether the identification was confirmatory and could be admitted without notice under CPL 710.30.

Even assuming, without deciding, that the trial court's probable cause ruling is not reviewable on this appeal by defendant (*see* CPL 470.15 [1]; *People v LaFontaine*, 92 NY2d 470, 473-474 [1998]), the facts before us differ from those in *Gethers*. Here, the identifying witness testified at the pretrial *Wharton* hearing as to facts relevant to an independent source determination, allowing this Court to make its own finding based upon that testimony (*see People v Wilson*, 5 NY3d 778, 780 [2005]; *People v Dodt*, 61 NY2d 408, 417 [1984]; *People v Allah*, 57 AD3d 1115, 1117 [2008], *lv denied* 12 NY3d 780 [2009]).

The undercover testified that he saw a black man wearing a camouflage baseball cap and green sweatshirt and a black woman wearing a black jacket and blue scarf make a narcotics sale to another black man in a black jacket and blue jeans. He first observed the pair on the northeast corner of MacDougal and West 3rd Streets, then repositioned himself at the northwest corner, looking directly across from them. The undercover continued to move from corner to corner to blend in and get a better view of the pair inside a pizzeria. He then observed what he believed to be a narcotics transaction and made a transmission to that effect to the backup team. When the buyer left, the undercover remained in the vicinity of defendant and his companion, continuing to observe them. He could see the pair

clearly through the pizzeria's window and did not lose sight of them from the time he first observed them to the time they were detained, except for brief periods when a car or pedestrian went by and blocked his view. After the detention, the undercover radioed that the arresting officer had detained the right people.

This testimony constituted clear and convincing evidence demonstrating that the undercover's observations before and during the alleged sale provided an independent source for his in-court identification of defendant at trial (*see People v Allah*, 57 AD3d at 1118; *People v Schiffer*, 13 AD3d 719, 720 [2004]).

We reject defendant's claim that the verdict was against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Concur—Gonzalez, P.J., Andrias, Catterson, Acosta and Abdus-Salaam, JJ.