People v Williams (2022 NY Slip Op 02072)





People v Williams


2022 NY Slip Op 02072


Decided on March 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 24, 2022

Before: Kern, J.P., Moulton, Rodriguez, Pitt, Higgitt, JJ. 


Ind No. 941/17 Appeal No. 15593 Case No. 2019-2100 

[*1]The People of the State of New York, Respondent,
v
David Williams, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Carola M. Beeney of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Christopher P. Marinelli of counsel), for respondent.



Judgment, Supreme Court, New York County (Juan M. Merchan, J. at suppression hearing; Thomas Farber, J. at jury trial and sentencing), rendered January 11, 2019, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to a term of six years, unanimously affirmed.
After suppressing, on Fourth Amendment grounds, an undercover officer's confirmatory identification of defendant, the hearing court correctly found that the testimony adduced at the hearing demonstrated by clear and convincing evidence that the officer had an independent source for the identification (see People v Shepard, 67 AD3d 446 [1st Dept 2009], lv denied 14 NY3d 805 [2010]). In making this finding, the hearing court providently exercised its discretion in denying defendant's request for a separate independent source hearing. At the suppression hearing, the undercover officer and an officer present at the identification procedure testified. There was detailed testimony about the undercover officer's ample opportunity to observe defendant at the time of the drug sale, and a description of the standard confirmatory identification that was sufficient to permit the court to make its finding. Accordingly the officer was properly permitted to identify defendant in court (see generally United States v Crews, 445 US 463 [1980]; People v Pleasant, 54 NY2d 972, 973-974 [1981], cert denied 455 US 924 [1982]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 24, 2022