■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIRK BRYAN, Appellant.—

Although the offenses charged in the indictment arose out of two separate robberies, they were properly joined for trial pursuant to CPL 200.20 (2) (c) and the trial court did not improperly exercise its discretion in denying the defendant's pretrial motion pursuant to CPL 200.20 (3) for severance. The offenses were based on the same statutory provisions (see, CPL 200.20 [2] [c]). The defendant failed to demonstrate that he would be prejudiced by trying the charges together. Nor did the defendant show that he had important testimony to give with respect to one incident and a strong need to refrain from testifying with respect to the charges arising from the second incident (see, People v Lane, 56 NY2d 1; People v Montanez, 149 AD2d 627; People v Telford, 134 AD2d 632).

Equally unavailing is the defendant's contention that the trial court abused its discretion by conducting his trial in absentia. A review of the record indicates that the defendant together with his codefendant was informed of his right to be present at trial and the consequences of failing to appear for trial (see, People v Parker, 57 NY2d 136, 140). Upon the defendant's failure to appear for trial, the trial court conducted a hearing which revealed that reasonable efforts had been made to locate the defendant without success. Under the circumstances, we find that the trial court did not improvidently exercise its discretion in trying the defendant in absentia (see, People v Parker, supra, at 141).

We also find no merit to the defendant's argument that the trial court committed reversible error by permitting one of the

complainants to identify him in court from a single photograph. Because the defendant had absconded prior to trial thereby depriving the complainant of an opportunity to identify him in person, the use of his photograph for identification purposes was proper (see, People v Seabrooks, 120 AD2d 691).

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Lawrence, Kunzeman and Balletta, JJ., concur.