THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO ZAMBRANA, Appellant.

On the evening of March 31, 1987, in the hallway of a rooming house located at 3 Main Street, Haverstraw, New York, the defendant, who had been drinking all day long with Jimmy Rodriguez, stabbed Rodriguez 10 times, killing him.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of murder in the second degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we

are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). In the instant case, the People proved that the defendant, although drinking heavily, was able to form the requisite intent to murder, and there is no basis in the record for disturbing the jury's verdict *(see, People v Sanbolin,* 133 AD2d 654; *People v Donohue,* 123 AD2d 77; *People v Norman,* 118 AD2d 597).

Furthermore, the court properly charged the jury with respect to manslaughter in the first degree as a lesser included offense of murder in the second degree (intentional murder). Since the jury found the defendant guilty of the higher of these two charges, the defendant's contention that the Judge should have charged the jury with respect to manslaughter in the second degree is academic *(see, People v Boettcher,* 69 NY2d 174; *People v Richette,* 33 NY2d 42).

The defendant's claim regarding the repugnancy of the verdict was unpreserved for appellate review due to his failure to raise the issue prior to the discharge of the jury *(see,* CPL 470.05 [2]; *People v Stahl,* 53 NY2d 1048; *People v Holmes,* 104 AD2d 1049), and, in any event, is lacking in substance. Kooper, J. P., Harwood, Rosenblatt and Miller, JJ., concur.