■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALONZO WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Kelly, J.), rendered March 15, 1989, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On October 6, 1987, the defendant gave a statement to the Rockland County District Attorney and to the police confessing that he had killed his mother earlier that day. The defendant admitted that he shot his mother after an argument concerning his failure to attend school because she told him that he "wasn't no good", that she did not need him, and that she was going to call the police to have him removed from the house. He recalled that his mother "started disliking [him] when [he] told child abuse about her". At trial, defense counsel in his opening statement asserted that the defendant had killed his mother due to extreme emotional disturbance allegedly caused by sexual abuse of him by his mother. However, after the People rested, the defense radically changed its trial strategy, and upon being granted permission to reopen, defense counsel urged an alternative theory, to wit, that the murder was committed by the defendant's uncle.

Contrary to the appellant's brief, in addition to charging the jury on murder in the second degree, the trial court charged the jury on manslaughter in the first degree as a separate offense. However, the defendant contends that the trial court's refusal to submit manslaughter in the second degree for the jury's consideration, as requested by defense counsel, is reversible error. We disagree.

The defendant's challenge to the charge is foreclosed by the fact that the jury convicted him of the higher of the two charges submitted to them (see, People v Zambrana, 158 AD2d 736; People v Carter, 137 AD2d 826, 827; see also, People v Boettcher, 69 NY2d 174, 180). In any event, the trial court properly declined to charge manslaughter in the second degree since there was no reasonable view of the evidence which would support a finding that the defendant recklessly shot the deceased (see, CPL 300.50; People v Hernandez, 148 AD2d 546). The People's evidence established that the victim was killed by six gunshots fired from a weapon requiring a separate pull of the trigger for each shot, indicating an intentional killing. According to the defendant, he either shot his mother while

acting under an extreme emotional disturbance because of the latter's allegedly abusive behavior, or he was not guilty at all because his uncle killed the deceased. Viewing the evidence in the light most favorable to the defendant, there is no reasonable view of the facts which would support a finding that he acted recklessly in causing the death of his mother.

The defendant's other contentions are without merit. Bracken, J. P., Brown, Lawrence and Kooper, JJ., concur.