THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE SPERO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fertig, J.), rendered May 11, 1989, convicting him of robbery in the first degree, robbery in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

We do not agree with the defendant's contention that the complainant's viewing of an allegedly suggestive photographic array tainted the lineup identification made by the complainant four days later. The evidence adduced at the hearing reveals that the complainant was unable to positively identify the person she selected from the photographic array as one of

the men who robbed her. However, the evidence establishes that at the time of the lineup, the complainant positively identified the defendant as the person who held the knife to her during the robbery based upon her observations at the time of the crime and not based upon her previous equivocal selection from the photographic array. The hearing court's decision to credit the complainant's testimony was not clearly erroneous and is entitled to great weight on appeal, and we find no reason to disturb it (see, People v Gairy, 116 AD2d 733, 734, citing People v Prochilo, 41 NY2d 759). Under these circumstances, we agree with the hearing court's determination that the lineup identification was not tainted by the prior photographic identification procedure (see, People v Allah, 158 AD2d 605; see also, People v English, 75 AD2d 981).

Although the police officer improperly testified as to the identification made by the complainant at the lineup (see, People v Johnson, 57 NY2d 969, 970; People v Larsen, 157 AD2d 672), the trial court's immediate curative instructions were sufficient to dispel whatever prejudicial effect this testimony may have had (see, People v Jenkins, 122 AD2d 74). Thompson, J. P., Brown, Harwood and Balletta, JJ., concur.