■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL WALLACE, Appellant.—Judgment unanimously reversed as a matter of discretion in the interest of justice and on the law and new trial granted. Memorandum: Evidence that a witness identified defendant from a photo array at the police station is not admissible on the People's direct case *(People v Lindsay,* 42 NY2d 9, 12; *People v Christman,* 23 NY2d 429, 433; *People v Caserta,* 19 NY2d 18, 21; *People v Peoples,* 142 AD2d 610; *People v Ball,* 89 AD2d 353, 354-355). Here, the victim improperly testified that she selected defendant's photograph from an array and a police officer also testified to the victim's selection of defendant's photograph. The prosecutor, in his opening statement, not only referred to the victim's identification of defendant from photographs, but added the further inflammatory note that, after she identified defendant's photograph, the victim broke down and cried.

It is also well settled that third parties may not testify to the identification of defendant by a witness *(People v Caserta, supra; People v Trowbridge,* 305 NY 471). The police officers, who witnessed the victim identify defendant from a photo array and from a lineup, testified at trial to their observations. That testimony should not have been admitted *(see, People v Johnson,* 57 NY2d 969; *People v Spero,* 172 AD2d 782, 783, *lv denied* 77 NY2d 1001). Although defense counsel failed to object to the admission of any of the above-mentioned evidence, we reach the issue in the interest of justice because we conclude that the admission of the improper evidence was not harmless. Identification was the critical issue, and the victim's identification of defendant was not "so strong that there is no serious issue upon the point" *(People v Caserta, supra,* at 21; *see also, People v Blue,* 155 AD2d 472).

We further conclude that defendant was denied the effective assistance of counsel. Counsel failed to object to the admission of evidence of the victim's identification of defendant from photographs, to the admission of improper bolstering testimony, and to the prosecutor's opening statement. Although the victim testified at the *Wade* hearing that after the incident she told someone that she couldn't identify her attacker, counsel failed to impeach the victim's trial testimony with her *Wade* hearing testimony. Counsel further failed to object to an in-court identification of defendant by a Kwik Fill clerk on the ground that the People failed to give proper notice that she

had been subjected to pretrial identification procedures. Because the issue of identification was critical, we conclude that defendant did not receive meaningful representation *(see, People v Winston,* 134 AD2d 546). (Appeal from Judgment of Orleans County Court, Miles, J.—Attempted Rape, 1st Degree.) Present—Boomer, J. P., Pine, Lawton, Fallon and Doerr, JJ.