■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO LIDDELL, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered April 5, 1990, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the concurrent terms of imprisonment from 12½ to 25 years to 7½ to 15 years; as so modified, the judgment is affirmed.

Two undercover police officers made a street purchase of drugs from the defendant as part of a buy and bust operation and, thereafter, radioed his description to the backup team. Within seven minutes after the transaction, the backup team arrested the defendant and so informed the undercover officers. Approximately two minutes later, the undercover team drove past the place of the arrest, observed the defendant, and communicated to the arrest team that they had

arrested the right man. In view of the foregoing, and despite the defendant's claim to the contrary, the undercover officers' stationhouse viewing of the defendant within 45 minutes after the crime was merely confirmatory. Thus, the trial court properly denied the defendant's request for a *Wade* hearing on that issue *(see, People v Wharton,* 74 NY2d 921; *People v Morales,* 37 NY2d 262).

The defendant's claim that the evidence was legally insufficient to establish his guilt of the crimes charged is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858). In any event, viewing the evidence adduced at trial in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

We find that the sentence is excessive to the extent indicated herein. Bracken, J. P., Rosenblatt, O'Brien and Copertino, JJ., concur.