◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAAC CRAIG, Appellant. [604 NYS2d 819] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Rohl, J.), rendered November 5, 1990, convicting him of criminal sale of a controlled substance in the third degree,

upon a jury verdict, and sentencing him to an indeterminate term of 7 to 21 years imprisonment.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence to an indeterminate term of 3 to 9 years imprisonment; as so modified, the judgment is affirmed.

Contrary to the defendant's contentions, the undercover officers' station house viewing of the defendant shortly after their initial contact with him was merely confirmatory. Thus, the trial court properly denied the defendant's request for a *Wade* hearing on the issue of the suggestiveness of the identification procedures *(see, People v Wharton,* 74 NY2d 921; *People v Morales,* 37 NY2d 262; *People v Liddell,* 189 AD2d 896).

The defendant's claim that the evidence was legally insufficient to establish his guilt of the crime charged is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's sentence was excessive to the extent indicated. Lawrence, J. P., Eiber, O'Brien and Santucci, JJ., concur.