■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGULUS CARTER, Appellant. [622 NYS2d 804] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered September 9, 1992, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of the branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to ·the defendant's contention, the undercover

police officers' station-house viewing of the defendant less than two hours after their initial contact with him at the scene of the drug sale was merely confirmatory. Thus, the defendant's request for a *Wade* hearing on the issue of the suggestiveness of the station-house showup was properly denied *(see, People v Wharton,* 74 NY2d 921; *People v Morales,* 37 NY2d 262; *see, e.g., People v Craig,* 198 AD2d 295; *People v Liddell,* 189 AD2d 896; *People v Delgado,* 186 AD2d 579; *People v Johnson,* 178 AD2d 659; *People v Gonzalez,* 174 AD2d 690; *cf., People v Rodriguez,* 79 NY2d 445, 452-453; *People v Gordon,* 76 NY2d 595).

The defendant's contention that he was unduly prejudiced by the court's *Sandoval* ruling, which permitted minimal inquiry into, *inter alia,* the defendant's previous drug-related felony and misdemeanor convictions, is without merit *(see, People v Robinson,* 203 AD2d 491, 493; *People v Monahan,* 114 AD2d 380; *People v Rahman,* 62 AD2d 968, *affd* 46 NY2d 882). Also without merit is the defendant's contention that the prosecutor violated the *Sandoval* ruling by questioning him, on cross examination, about the nature of his two prior drug-related felony convictions *(see, People v Crandall,* 67 NY2d 111, 119; *see, e.g., People v Otote,* 203 AD2d 488; *People v Julien,* 182 AD2d 642).

The defendant's contention that the People failed to prove his guilt beyond a reasonable doubt is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, while the defendant and the other defense witness presented a version of the drug sale in which the defendant did not take part, issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence *(see,* CPL 470.15 [5]; *People v Bleakley,* 69 NY2d 490).

The sentence that was imposed is not excessive *(see, People v Delgado,* 80 NY2d 780; *People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpre-

served for appellate review *(see,* CPL 470.05 [2]) or without merit. Sullivan, J. P., Rosenblatt, Copertino and Hart, JJ., concur.