THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD MALLEN, Appellant. [669 NYS2d 343] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered December 11, 1995, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of murder in the second degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]). The People proved that the defendant, although drinking heavily prior to the murder, was able to form the requisite intent to kill, and there is no basis in the record for disturbing the jury's verdict (*see, People v Butler,* 84 NY2d 627; *People v Zambrana,* 158 AD2d 736; *People v Goodman,* 152 AD2d 705).

The defendant contends that the trial court erred in not submitting to the jury the crime of manslaughter in the first degree as a lesser-included offense of the crime of murder in the second degree. However, a defendant who, as here, does not request the submission of a lesser-included offense cannot claim that the court's failure to so charge was error (*see, People v Goros,* 224 AD2d 444).

Contrary to the defendant's contention, the trial court correctly weighed the competing factors when it ruled that it would allow the prosecutor to inquire into the defendant's prior conviction for attempted resisting arrest (*see, People v Pavao,*

59 NY2d 282; *People v Williams,* 56 NY2d 236; *People v Sandoval,* 34 NY2d 371). Questions concerning other crimes are not automatically precluded simply because the manner in which the prior crime was committed is similar to the facts of the instant crime (*People v Rahman,* 46 NY2d 882; *People v Hendrix,* 44 NY2d 658; *People v Roman,* 190 AD2d 831; *People v Carter,* 212 AD2d 722). Accordingly, the trial court's *Sandoval* ruling was not an improvident exercise of discretion (*see, People v Pavao, supra; People v Mackey,* 49 NY2d 274). Thompson, J. P., Joy, Goldstein and Luciano, JJ., concur.