■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY JAMISON, Appellant. [753 NYS2d 143] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered March 27, 1997, convicting him of murder in the second degree and attempted murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence adduced at trial established that the defendant fired one gunshot as the complainant walked down the street. The complainant and a witness then saw the defendant raise the gun again, point it at the complainant from a distance of 15 to 20 feet, and fire another four gunshots as the complainant fled down the street. The witness heard the defendant say "I'll kill you." The complainant escaped unharmed, but an innocent bystander sustained a fatal bullet wound to the head. The defendant contends that the evidence adduced at trial reflected that he acted recklessly and not with intent to kill the complainant. Therefore, he argues that his convictions should be modified to manslaughter in the second degree and reckless endangerment in the first degree (*see* Penal Law §§ 120.25, 125.15 [1]).

To the extent the defendant argues that the evidence was legally insufficient to sustain his convictions of murder and attempted murder, this claim was unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hines,* 97 NY2d 56; *People v Gray,* 86 NY2d 10; *People v Carter,* 63 NY2d 530; *People v Adams,* 281 AD2d 486). In any event, we find that the evidence was legally sufficient to establish that the defendant possessed the intent to kill the complainant beyond a reasonable doubt (*see People v Blalock,* 129 AD2d 647). The weight to be accorded the evidence presented and the resolution of issues of credibility are questions primarily to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80). Feuerstein, J.P., Krausman, Mastro and Rivera, JJ., concur.