■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH H. KITCHINGS, Appellant. [754 NYS2d 730] —Kane, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered August 6, 2001, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.

Defendant was indicted in January 2001 for the crime of criminal sale of a controlled substance in the third degree, stemming from the sale of crack cocaine to a police informant for $250. During pretrial proceedings, County Court denied defendant's requests that *Wade, Rodriguez* and/or pretrial identification hearings be held to confirm that defendant was properly identified as having made the subject sale. Following pretrial discussions, defendant rejected all plea bargain offers and the matter proceeded to trial. The day following commencement of the trial, defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree, with the promise of an indeterminate prison term of $3\frac{1}{2}$ to 7 years.

On appeal, defendant contends that since defense counsel repeatedly questioned the reliability of the identification made by the confidential informant, County Court erred in denying his request for a *Wade, Rodriguez* and/or a pretrial identification hearing. Defendant's contention must be rejected. Defendant is entitled to a hearing to determine the admissibility of identification testimony where there has been a previous identification of the defendant by a prospective trial witness (*see* CPL 710.20 [6]). Here, the People served a CPL 710.30 notice which indicated that there would be no eyewitness testimony by any person who had previously identified the defendant as being the individual who committed the crime charged. Under these circumstances, the court's denial of a hearing was entirely proper.

Defendant next argues that it was error for County Court to deny him a pretrial proceeding that would test the reliability of a proposed trial identification. Defendant's right to appellate

review of this issue "raised before the plea is forfeited by operation of law as a consequence of a guilty plea" (*People v Campbell*, 73 NY2d 481, 486; *see People v Hansen*, 95 NY2d 227, 230; *People v Taylor*, 65 NY2d 1, 5; *People v Perkins*, 288 AD2d 506, 507, *lv denied* 97 NY2d 707). Upon review of the record, we find that County Court conducted an appropriate plea allocution wherein defendant's guilt was established by his knowing and voluntary plea. "Where a defendant has by his plea admitted commission of the crime with which he is charged, the plea more than a confession, signals defendant's intention not to litigate the question of his guilt * * *" (*People v Campbell, supra* at 486 [citations omitted]), and the plea operates to extinguish any claims made prior to the plea (*see People v Whitehurst*, 291 AD2d 83, 87-88, *lv denied* 98 NY2d 642). Furthermore, defendant's demand for a pretrial in-court identification proceeding does not fall within the "limited group of questions which survive a plea" (*People v Di Donato*, 87 NY2d 992, 993), and thus no issue in this regard has been preserved for our review.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.