■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL THOMPSON, Also Known as MESSIAH, Appellant. [763 NYS2d 109] —Rose, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered November 2, 2001 in Albany County, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

A police informant agreed to make a supervised buy of crack cocaine from a dealer known to the informant only as Messiah. The suspected dealer was observed immediately before and after the sale by two Town of Colonie police investigators, Andrew Zostant and Alex Rinaldi, located some distance away. The investigators, who did not know the suspected dealer, followed his car and Zostant was able to observe him again from

a closer distance for less than 10 seconds. One or two days later, after obtaining a photograph of defendant from another police agency based upon the suspect's physical appearance and street name, Zostant identified defendant as the person he had observed. Approximately two months after the sale, defendant was arrested, arraigned, and released on bail after signing an acknowledgment that if he did not appear in court when required, trial could proceed in his absence. When defendant repeatedly failed to appear for trial, he was tried in absentia and found guilty as charged based upon the testimony of the informant, Zostant and Rinaldi identifying him as the person who sold the cocaine. Defendant was then sentenced in absentia to an indeterminate term of 8 to 16 years in prison and taken into custody on a bench warrant approximately four weeks later. Defendant now appeals.

Defendant argues that his conviction should be reversed because the People failed to serve notice as required by CPL 710.30 of the pretrial photo identification made by Zostant, and possibly by Rinaldi and the informant. Although persuaded that no CPL 710.30 notice was required as to Rinaldi and the informant because the record does not indicate that they made any identification of defendant by reference to his photograph before the trial (*see People v Kitchings*, 302 AD2d 627, 627 [2003]; *People v Kinred*, 276 AD2d 927, 928 [2000], *lv denied* 96 NY2d 802 [2001]; *People v Mullins*, 221 AD2d 770 [1995], *lvs denied* 87 NY2d 1022 [1996], 88 NY2d 851 [1996]), we cannot agree with the People's contention that Zostant's pretrial viewing of defendant's photograph was merely confirmatory and, thus, exempt from the notice requirements of CPL 710.30.

"There are actually two very different classes of identifications that have been labeled 'merely confirmatory': those made by an undercover officer in a buy-and-bust operation to confirm that the backup team apprehended the right suspect, and those by a citizen who knows the defendant" (*People v Rodriguez*, 79 NY2d 445, 449 n [1992] [citations omitted]; *see People v Graham*, 283 AD2d 885, 887 [2001], *lv denied* 96 NY2d 940 [2001]). Here, however, Zostant did not know defendant, and the identification did not "occur[ ] at a place and time sufficiently connected and contemporaneous to the arrest itself as to constitute the ordinary and proper completion of an integral police procedure" (*People v Wharton*, 74 NY2d 921, 922-923 [1989]; *see People v Diakite [Jay]*, 296 AD2d 655, 656 [2002], *lvs denied* 99 NY2d 535, 536 [2002]). While arguably similar to a "buy-and-bust" in other respects, the transaction here did not involve a prompt identification to confirm that the correct person had

been apprehended. Thus, Zostant's pretrial photo identification of defendant was not confirmatory and the notice required by CPL 710.30 should have been provided. However, in light of the other compelling proof identifying defendant as the dealer, particularly the testimony of the informant, we find the error to be harmless (*see People v Crimmins*, 36 NY2d 230, 240-241 [1975]; *People v Binns*, 299 AD2d 651, 654 [2002], *lv denied* 99 NY2d 612 [2003]; *People v Rufin*, 237 AD2d 866, 868-869 [1997]).

We also find that Supreme Court made reasonable efforts to secure defendant's attendance at trial, including postponing trial several times and issuing a warrant for his arrest. The trial in absentia proceeded only after it became apparent that "a further adjournment pending execution of the bench warrant would not likely result in locating [him] within a reasonable period of time" (*People v Sumner*, 254 AD2d 537, 538 [1998]; *see People v Shook*, 294 AD2d 710, 711 [2002], *lv denied* 98 NY2d 702 [2002]). Finally, the use of defendant's photograph to identify him as the person observed by the eyewitnesses who testified at trial was reasonable and necessitated by his voluntary absence from the proceedings (*see People v Waithe*, 163 AD2d 347, 347 [1990], *lv denied* 76 NY2d 897 [1990]; *People v Bryan*, 158 AD2d 530, 530-531 [1990], *lv denied* 76 NY2d 731 [1990]).

Cardona, P.J., Mercure, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed.