■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN GARDELLA, Appellant. [774 NYS2d 740]—

Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Copertino, J.), rendered June 18, 2001, convicting him of attempted murder in the second degree and assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction stems from his violent assault upon his former girlfriend. When he could not persuade her to resume their relationship, he stabbed her 17 times on a Suffolk County street, and stated "if I can't have you, no one can have you." The complainant survived the attack. The defendant, a diabetic, conceded that he stabbed the complainant, but testified, supported by expert testimony, that he was suffering from a hypoglycemic episode at the time, and was unable to form the requisite criminal intent.

Contrary to the defendant's contention, the evidence adduced at the trial, viewed in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), was legally sufficient to establish his guilt of attempted murder in the second

degree and assault in the first degree beyond a reasonable doubt (*see People v Jones,* 309 AD2d 819 [2003], *lv denied* 1 NY3d 574 [2003]; *People v Jamison,* 301 AD2d 539 [2003]). The People offered expert testimony to rebut the defense expert that the defendant did not suffer from a mental disease or defect of sufficient severity which would interfere with his ability to form the intent to stab the complainant. The conflicting expert testimony created a credibility issue for the jury's determination (*see People v Gaimari,* 176 NY 84, 94 [1903]). Its determination is clearly supported by the record (*see People v Mallen,* 247 AD2d 556 [1998]). Moreover, upon the exercise of our factual review power we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Ritter, J.P., S. Miller, Goldstein and Adams, JJ., concur.