■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NEIL WALLACE, Appellant. [777 NYS2d 817]—

Peters, J.P. Appeal from a judgment of the County Court of Greene County (Pulver, Jr., J.), rendered July 9, 2002, upon a verdict convicting defendant of the crimes of attempted murder in the second degree and criminal possession of a weapon in the second degree (two counts).

In the late evening of May 19, 2001, defendant was involved in a physical altercation at a bar and was forcibly removed from its premises by Thomas Furlong, Jr., the owner's son. Defendant returned to his home, removed two loaded handguns from his gun cabinet and returned to the bar approximately two hours later. When he entered, he began firing shots at Furlong who fled through the back door. Defendant followed him and continued to shoot; Furlong was not harmed.

Defendant was charged in a four-count indictment with the crimes of attempted murder in the second degree, criminal possession of a weapon in the second degree (two counts) and reckless endangerment in the first degree. Following a jury trial, he was convicted of all of the crimes except for reckless endangerment and sentenced to concurrent prison terms of 10 years, followed by a five-year period of postrelease supervision. Defendant appeals.

Defendant's challenges to the face of the indictment are unpreserved and, in any event, without merit (*see People v Terry*, 2 AD3d 977, 979 [2003]; *People v Brickley*, 306 AD2d 551, 552-553 [2003], *lv denied* 100 NY2d 641 [2003]; *People v Anderson*, 290 AD2d 658, 658 [2002], *lv denied* 97 NY2d 750 [2002]). As to his challenge based upon an asserted failure by the People to instruct the grand jury concerning the legal standard of voluntariness relating to defendant's statements, we note that the degree of precision required under these circumstances is less than that required when instructing a petit jury (*see People v Darby*, 75 NY2d 449, 454 [1990]; *People v Calbud, Inc.*, 49 NY2d 389, 394 [1980]). Upon our review, we agree with County Court that there was no error which impaired the integrity of

the proceeding or caused prejudice to defendant (*see* CPL 210.35 [5]).

Nor do we find that defendant's conviction for attempted murder was against the weight of the evidence. For the jury to reach such verdict, the People were required to show that defendant intended to kill the victim and engaged in conduct which tended to effect the victim's death (*see* Penal Law §§ 110.00, 125.25 [1]). By the testimony of Furlong and patrons present at the bar at the time of the shooting, it was established that defendant returned to the bar with two handguns, pointed a gun at Furlong, fired five shots inside the bar and then chased him out the back door, where defendant fired additional shots. One witness testified that defendant was not shooting up into the air to scare Furlong, while another testified that in addition to shooting directly at Furlong, defendant verbally threatened to kill him as he chased him down the street; a bullet hole found in a back doorframe of the bar confirmed that defendant shot at least one bullet at a height that could have hit Furlong.

Defendant, a retired police officer, testified to the contrary, contending that he returned to the bar with two loaded handguns intending to merely scare Furlong. He then fired shots in the bar outside of the victim's range and additional shots into the dirt while in the parking lot. Although he emphasized that he was an expert marksman and could have injured Furlong if he had chosen to, evidence revealed that defendant was consuming alcohol and taking prescription medications on the day of the incident. In any event, defendant's testimony regarding his intentions to scare Furlong simply created a credibility issue for the jury to resolve.

In conducting our weight of evidence review, we examine the evidence in a neutral light to assess whether a different result would not have been unreasonable (*see People v Cobenais*, 301 AD2d 958 [2003], *lv denied* 99 NY2d 653 [2003]). With our finding that a different outcome would not have been unreasonable, we are left to " 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*People v Bleakley*, 69 NY2d 490, 495 [1987], quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62 [1943]) to determine whether the jury could reasonably have made a finding of guilt. According due deference to the jury's opportunity to view the witnesses, hear their testimony and observe their demeanor, we are convinced that the evidence presented and the inferences drawn therefrom were of sufficient strength to support the jury's conclusion that defendant intended to kill Furlong and acted in a manner

to further that objective (*see People v Jamison*, 301 AD2d 539, 539 [2003]).

Nor do we find merit in defendant's contention that various evidentiary rulings deprived him of a fair trial. Challenging the testimony of prosecution witnesses which characterized defendant as shooting "at" the victim, we note that for each witness who testified, it was established that they were physically present during the shooting. They described both their physical location on the premises and their opportunity to view defendant's conduct. Finding that they had several meaningful opportunities to view the incident, County Court properly permitted their testimony.

Further without merit is defendant's contention that he was deprived of a fair trial because defense counsel was prohibited from questioning the victim extensively about his pending civil action against defendant. County Court permitted counsel to ask about the action, and testimony revealed that there was a significant amount of money at stake. Although such questioning was circumscribed, it was sufficient to enable the jury to consider whether Furlong had an ulterior motive in testifying.

Finally, we find no error in County Court's failure to give a circumstantial evidence charge. No request for such charge was propounded nor was any objection raised after the jury was charged (*see People v Layman*, 284 AD2d 558, 560 [2001], *lv denied* 96 NY2d 903 [2001]). In any event, since the People's direct case did not rest entirely upon circumstantial evidence, such charge was not required (*see People v Walker*, 274 AD2d 600, 601 [2000], *lv denied* 95 NY2d 908 [2000]; *People v Struss*, 228 AD2d 711, 714 [1996], *lv denied* 89 NY2d 867 [1996]).

Turning to the issue of defendant's sentence, we are mindful that defendant has no prior criminal history, did not ultimately shoot anyone despite his fusillade of bullets and was under the influence of alcohol and prescription medication at the time of the crime. However, we can find no abuse of discretion by County Court or the existence of extraordinary circumstances which would warrant a reduction in his sentence (*see People v Calkins*, 6 AD3d 744, 746 [2004]).

Having reviewed and rejected defendant's additional ascriptions of error, we affirm.

Spain, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.