■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYANDREA M. PITTMAN, Appellant. [817 NYS2d 636]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Dolan, J.), rendered September 20, 2000, convicting him of resisting arrest, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is reversed, on the law, and a new trial is ordered, to be preceded by an independent source hearing.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Contrary to the defendant's contention, the evidence provided a sufficient basis upon which the jury could

find that the defendant intentionally prevented an authorized arrest of his person pursuant to Penal Law § 205.30. Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

However, we agree with the defendant's contention that the suppression court erred in declining to suppress the in-court identification of the defendant by Detective Traudt of the Dutchess County Sheriff's Office. On the evening of November 9, 1999, after a brief car chase, the defendant abruptly stopped the car he was driving and fled, leaving his female companion behind in the vehicle. She subsequently identified the defendant to the police as the person who was driving the car that night. Thereafter, Detective Traudt returned to the station house, retrieved the defendant's photographic identification card and viewed it. He determined that the person depicted on the card was the person he had observed earlier that evening fleeing the stopped vehicle. On November 19, 1999 the defendant was arrested and Detective Traudt viewed him in his jail cell.

Contrary to the County Court's determination, neither of those viewings was in the nature of a confirmatory viewing of the defendant (*see People v Boyer*, 6 NY3d 427 [2006]; *People v Riley*, 70 NY2d 523, 529-531 [1987]; *People v Matthews*, 257 AD2d 635 [1999]; *People v Waring*, 183 AD2d 271, 273-275 [1992]; *cf. People v Bell*, 286 AD2d 940 [2001]; *People v Craig*, 198 AD2d 295 [1993]). Therefore, under the circumstances of this case, an independent source hearing regarding the in-court identification of the defendant by Detective Traudt is required before the commencement of a new trial. Florio, J.P., Santucci, Goldstein and Skelos, JJ., concur.