[995 NYS2d 901]

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v RAKEEM J. LANE, Defendant.

City Court of Rochester, September 24, 2014

APPEARANCES OF COUNSEL

*Charles T. Noce, Conflict Defender (R. Adrian Solomon* of counsel), for defendant.

*Sandra J. Doorley, District Attorney (Roman A. Misula* of counsel), for plaintiff.

## OPINION OF THE COURT

ELLEN M. YACKNIN, J.

### Introduction

Law enforcement officers often use identification procedures, such as photograph displays, lineups, and showups, to assist a witness's out-of-court identification of a perpetrator when the witness does not personally know the perpetrator. Under New York State law, when the People intend to elicit an in-court identification of a defendant from a witness who has previously identified the defendant as the alleged perpetrator at a police-arranged identification, the People must provide notice of the witness's previous identification to the defendant within a short time after his or her arraignment. (*See* CPL 710.30.) The issue in this case is whether such notice was required where a police officer witness made an out-of-court identification of defendant from a single photograph, and, if so, whether preclusion of the officer's in-court identification of defendant is compelled.

### Background

On April 12, 2014, defendant Rakeem Lane was arraigned on the criminal charges of reckless driving and unlawful fleeing a police officer in a motor vehicle in the third degree and on several traffic infractions. Some weeks prior to trial, defendant's attorney moved, inter alia, to preclude in-court identifications of defendant by any witness who previously identified defendant at a police-arranged identification procedure because of the People's failure to serve a notice regarding such prior identifications as required by Criminal Procedure Law § 710.30 (710.30 notice). On June 5, 2014, the scheduled motion argument date, there was some confusion about whether a police-arranged identification procedure had taken place and whether a 710.30 notice had been served. For that reason, the court adjourned argument to give counsel an opportunity to investigate the matter further.

When counsel next appeared on June 17, 2014, the Assistant District Attorney stated that no police-arranged identification

procedure had taken place and, for that reason, no 710.30 notice had been served. Based on the Assistant District Attorney's representations, the court granted defendant's motion to preclude any in-court identification of defendant by any witness who had previously identified defendant at a police-arranged identification procedure.

On September 2, 2014, the scheduled trial date, the People announced readiness to proceed and a jury was selected. The next day, the People called their first witness, Rochester Police Officer Jeffrey Kester. Police Officer Kester testified that while he was driving his patrol vehicle in Rochester, New York, at about 3:00 a.m. on February 27, 2014, he observed a vehicle fail to signal before making a left turn. Officer Kester turned on his overhead lights and siren and initiated a traffic stop. As the Officer approached the driver's door on foot, the vehicle sped away, driving recklessly and swerving in and out of traffic. Before the car fled, however, Officer Kester was able to see the driver's face.

Following Rochester Police Department protocols, Officer Kester did not follow the vehicle. Shortly later, though, he heard a radio call announcing a property damage accident caused by a vehicle that had driven off, but which had left its damaged bumper with its license plate at the accident location. Officer Kester drove to the scene of the accident and identified the bumper as one from the vehicle that had fled the attempted traffic stop several minutes earlier.

Within minutes, Officer Kester saw the vehicle, absent its bumper, parked in the driveway of a nearby house. Another police officer searched the vehicle and found an identification card on the seat that was ripped into two pieces.

Officer Kester then testified that when he saw the name on the identification card, he conducted a computer check of the Monroe County-Rochester Identification System (moRIS System), a computer database containing information and photographs of known offenders in Monroe County that is accessible by law enforcement agents. At that point in the testimony, defense counsel objected and the jury was excused from the courtroom.

Defense counsel raised two objections. First, he objected to any testimony from Officer Kester about his out-of-court photographic identification of defendant. Second, he renewed his motion to preclude Officer Kester's in-court identification of defendant because he had not been served with a 710.30 notice

about Officer Kester's out-of-court identification of defendant from his moRIS System photograph.

Based on defense counsel's objections, the court directed the Assistant District Attorney to question Officer Kester out of the jury's presence regarding the circumstances of his photographic identification of defendant. Officer Kester testified that he saw the male driver's face before the car sped away, but he did not recognize the driver as someone he knew or had previously encountered. When he saw the name on the discovered identification card, he searched the name in the computerized moRIS System. When he found defendant's name, information, and photograph in the moRIS System, Officer Kester recognized defendant from the photograph as the man he had seen driving the vehicle.

After hearing this testimony, the Assistant District Attorney acknowledged that Officer Kester's testimony regarding his out-of-court identification of defendant from the moRIS System photograph was inadmissible. (*See People v Massie*, 2 NY3d 179, 181 [2004]; *People v Caserta*, 19 NY2d 18, 21 [1966]; *People v Wallace*, 187 AD2d 998 [4th Dept 1992].) He nevertheless maintained that no 710.30 notice was required in this case because the Officer's out-of-court photographic identification of defendant was simply confirmatory.

After hearing counsel's arguments, the court sustained defense counsel's objection, reaffirmed its June 17, 2014 order granting defendant's preclusion motion, and struck Officer Kester's trial testimony identifying defendant as the driver of the vehicle he had stopped. When the People rested their case at that point, the court granted defendant's motion for a trial order of dismissal of all charges. The court's reasons for granting defendant's motion to preclude are discussed below.

Discussion of Law

In New York State, it is black-letter law that a prosecution witness's in-court identification of a defendant must be precluded if the People did not serve a required 710.30 notice on him or her, or on defense counsel, within 15 days after arraignment, even if defendant suffered no prejudice from the lack of notice. (*See* CPL 710.30; *People v Lopez*, 84 NY2d 425, 428 [1994]; *People v Bernier*, 73 NY2d 1006, 1007-1008 [1989]; *People v Scott*, 222 AD2d 1004 [4th Dept 1995], *lv denied* 87 NY2d 1025 [1996].) The People concede that they did not serve a 710.30 notice regarding Officer Kester's out-of-court photographic identification of defendant. They maintain, however,

that service of a 710.30 notice was not required because the Officer's review of defendant's moRIS System photograph was merely proper police investigative work to confirm whether the individual named on the discovered identification card was the same individual he had seen driving the vehicle.

The court does not take issue with the People's characterization of Officer Kester's investigative actions. It may well have been proper procedure for Officer Kester to view defendant's photograph in the moRIS System to determine whether the person named on the identification card was the same person he had seen. (*See e.g. People v Boyer*, 6 NY3d 427, 434 [2006, Smith, J., dissenting] ["(G)etting the officer to look at the suspect as soon as possible is not only constitutionally permissible; it is a very good idea"].) That Officer Kester may have followed proper procedure by viewing defendant's photograph in the moRIS System, however, does not obviate the People's obligation to provide a 710.30 notice of the Officer's actions to defendant.

The Court of Appeals emphasized this point in analogous circumstances in *People v Boyer* (6 NY3d 427 [2006]). In *Boyer*, the police officer who had seen the suspect while the crime was occurring went to a location several blocks away where other officers had taken the defendant into custody. When he arrived at that location, the officer identified the defendant as the person he had seen at the crime scene several minutes earlier. As in this case, the People in *Boyer* did not serve a 710.30 notice regarding the police officer's out-of-court identification of defendant. As in this case, the People in *Boyer* argued that no 710.30 notice was required because the police officer's out-of-court identification of the defendant at the arrest location was simply a confirmatory identification of the perpetrator by a police witness.

The *Boyer* Court emphatically rejected the People's argument, emphasizing that "there is no 'categorical rule exempting from requested *Wade* hearings confirmatory identifications by police officers by merely labeling them as such.'" (6 NY3d at 432.) The Court expressly declined to extend the short list of 710.30 notice exceptions. As the *Boyer* Court explained, there are only two instances in which no 710.30 notice is required for an out-of-court police-arranged identification because the risk of undue suggestiveness in those situations is virtually nonexistent: (1) where the witness knows the defendant so well that no amount of police suggestiveness could taint the witness's identification

(*see People v Rodriguez*, 79 NY2d 445 [1992]); and (2) where an experienced undercover officer's face-to-face observations of a defendant during a planned encounter with the defendant are an expected component of the undercover operation, such as in a planned drug buy-and-bust operation (*see People v Wharton*, 74 NY2d 921 [1989]).

In contrast, where, as in *Boyer* and the instant case, a police officer neither knows the defendant personally nor observes him face-to-face in a planned undercover encounter, the notice requirements of Criminal Procedure Law § 710.30 apply. As the *Boyer* Court stressed, "To conclude otherwise . . . would permit the People to avoid their statutory obligation merely because a police officer's initial viewing of a suspect and a subsequent identification might be temporally related." (6 NY3d at 433.)

Although *Boyer* involved a police officer's out-of-court identification of the defendant at a showup, at least one appellate court has held that a defendant is entitled to a 710.30 notice of a police officer witness's out-of-court photographic identification of defendant. In *People v Thompson* (306 AD2d 758 [3d Dept 2003], *lv denied* 1 NY3d 581 [2003]), an undercover officer watched an informant make a controlled buy of crack cocaine from the defendant. A day or two later, the officer identified the defendant from a photograph associated with defendant's street name and physical description. Disagreeing with the trial court, the *Thompson* Court held that the officer's out-of-court photographic identification of defendant was not one of the two types of confirmatory identifications that are exempt from 710.30 notice and hearing requirements. (*See* 306 AD2d at 759-760.) The *Thompson* Court nevertheless held that in light of the other compelling proof of defendant's identity as the drug seller, the trial court's failure to preclude the officer's in-court identification of defendant was harmless error. (*See* 306 AD2d at 760.)

While *People v Thompson* predated *People v Boyer*, at least two appellate courts, in cases involving circumstances similar to those in the instant case, have relied on *Boyer* in their review of the trial court's failure to suppress a police officer's in-court identification of a defendant following the officer's allegedly unconstitutionally suggestive out-of-court photographic identification of defendant. In both *People v Pittman* (31 AD3d 469 [2006]) and *People v Allah* (57 AD3d 1115 [3d Dept 2008], *lv denied* 12 NY3d 780 [2009]), the Courts rejected the People's contention that the police officer's out-of-court photographic

identification of the defendant was merely confirmatory so as to exempt the out-of-court identification from 710.30 notice and hearing requirements.

In *People v Pittman*, the police were chasing a vehicle that abruptly stopped. The driver fled on foot, leaving his passenger in the car. When the passenger named the defendant as the driver, the police officer retrieved the defendant's identification card and identified the defendant from the card's photograph. Reversing the trial court's finding, the *Pittman* Court held that the officer's out-of-court photographic identification of defendant was not confirmatory. Consequently, the *Pittman* Court reversed defendant's conviction and directed the trial court to conduct an independent source hearing regarding the officer's in-court identification of defendant prior to a new trial. (*See* 31 AD3d at 470.)

Similarly, in *People v Allah*, the driver of a vehicle fled on foot as the police officer witness attempted to make a routine traffic stop. After he found a debit card with the defendant's name in the vehicle, the officer identified the defendant from a single photograph associated with defendant's name that he found on the Internet. The *Allah* Court held that the police officer's out-of-court photographic identification of defendant was not confirmatory because the officer neither knew defendant personally nor encountered defendant in a planned undercover buy-and-bust operation. The Court, however, declined to reverse defendant's conviction on this ground because clear and convincing evidence at defendant's pretrial *Wade* hearing demonstrated that the officer's observations of the defendant provided an independent source for his in-court identification of the defendant at trial. (*People v Allah*, 57 AD3d at 1118.)

Unlike the defendants in *People v Pittman* and *People v Allah*, defendant here did not move to suppress Police Officer Kester's in-court identification of him. Rather, defendant moved to preclude the Officer's in-court identification of him at trial because he did not receive a 710.30 notice regarding the Officer's out-of-court photographic identification of him. Like the police officers' out-of-court identifications of the defendants in *Boyer*, *Pittman*, and *Allah*, Officer Kester's out-of-court photographic identification of defendant in this case was not a confirmatory identification that would exempt the People from their 710.30 notice obligations. Under these circumstances, preclusion of the Officer's in-court identification of defendant is required.

## Conclusion

For the foregoing reasons, defendant Lane's motion to preclude Police Officer Kester's in-court identification testimony was granted, and his trial identification testimony was stricken. Because the People did not offer any additional evidence identifying defendant as the person who was driving the vehicle stopped by Officer Kester, defendant's motion for a trial order of dismissal of all charges was granted.