People v Bourguignon (2019 NY Slip Op 08205)





People v Bourguignon


2019 NY Slip Op 08205


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2016-02026
 (Ind. No. 14-136)

[*1]The People of the State of New York, respondent,
v
Nixon Bourguignon, appellant.


James D. Licata, New City, NY (Ellen O'Hara Woods of counsel), for appellant.
Kevin P. Gilleece, Acting District Attorney, New City, NY (Tina L. Guccione of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Rockland County (William A. Kelly, J.), rendered February 5, 2016, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant caused the death of his paramour by strangling her. According to the defendant's testimony at trial, he had minimal memory of this incident, because he was intoxicated by certain prescription drugs that he had taken earlier in the evening. The defendant's expert testified that the prescription drugs at issue were "very likely to have precipitated a rage or a violent reaction" in the defendant, and that anterograde amnesia was a known side effect. In rebuttal, the People presented expert testimony that the defendant was not under the influence of those medications at the time of the incident, because the medications would have rendered him too sedate to act, and because his actions later that night were inconsistent with someone who was intoxicated by those medications. The jury convicted the defendant of murder in the second degree.
"[A]n intoxicated person can form the requisite criminal intent to commit a crime, and it is for the trier of fact to decide if the extent of the intoxication acted to negate the element of intent" (People v Flores, 40 AD3d 876, 877; see Penal Law § 15.25). Any conflict in the expert testimony created a credibility issue, and the jury's resolution of that issue is supported by the record (see People v Gardella, 5 AD3d 695, 696). Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant formed the requisite criminal intent. Moreover, upon the exercise of our factual review power (see CPL 470.15[5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court